## C. I. T. CORPORATION v. UNITED STATES.

### No. 4152.

Circuit Court of Appeals, Fourth Circuit.

May 7, 1937.

William D. Staples and T. X. Parsons, both of Roanoke, Va. (Joseph G. Myerson, of New York City, on the brief), for appellant.

Howard C. Gilmer, Jr., Asst. U. S. Dist. Atty., of Pulaski, Va., and Joseph H. Chitwood, U. S. Atty., of Roanoke, Va. (Fred E. Strine, Sp. Atty., Department of Justice, on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

By an order of the District Court an automobile, which had been seized by federal officers on the ground that it was being used for the unlawful transportation of intoxicating liquors, was condemned and forfeited; and the prayer of the C. I. T. Corporation, which had a lien upon the car, that the forfeiture be remitted and mitigated under the authority conferred upon the court by section 204 of the Act of August 27, 1935, 49 Stat. 878 (27 U.S.C.A. § 40a), was refused. The question involved in this appeal is whether the power reposed in the court by the statute was properly exercised.

On November 30, 1935, the Acme Motor Company of Martinsville, Va., sold the car to W. M. Turner of Leaksville, N. C., for $447.80. The sum of $125 was paid in cash and Turner gave his note for the balance, payable in twelve monthly installments, and secured by a conditional sales contract. On the day of sale the note and contract were assigned without recourse for a valuable consideration to the C. I. T. Corporation, a West Vir-

ginia corporation, which has a place of business at Roanoke, Va., and is engaged in the business of handling commercial paper and of financing conditional sales contracts. One month later the seizure of the car took place and at that time only one monthly installment payment had been made.

· The car was seized in Henry county, Va., from Callie Shelton and Sonny Frazier, who were using it in the unlawful removal and concealment of 70 gallons of untaxpaid liquor. Callie Shelton and Edith Shelton, his wife, were the real purchasers of the car. W. M. Turner, the apparent purchaser, permitted his name to be used with no idea that he was a party in interest in the car for the sole purpose of accommodating the Sheltons whom he served as customers of an ice company for which he drove a truck. The Acme Motor Company, the seller of the car, knew that Turner was the purchaser in name only and that the Sheltons were the real purchasers; but the C. I. T. Corporation purchased the note in good faith believing that Turner was the purchaser and owner of the car and having no knowledge or even suspicion of the true facts until after the car had been seized. Turner was not a violator and had no reputation of being a violator of the internal revenue laws, but the Sheltons had a record and a reputation as violators of said laws.

The District Court based its order upon the ground that if remission of forfeitures should be granted under circumstances like those described, it would be practically impossible for the government to enforce forfeitures against offending vehicles because automobile dealers could knowingly and deliberately sell their cars on credit to well-known bootleggers for use in violation of the law and immediately thereafter transfer the notes and sales contract to innocent persons or corporations. The court based its order upon the further ground that in the pending case the finance company apparently relied upon the investigation made by the automobile dealer and therefore could not take any higher position than the dealer could have taken if the petition for remission had been presented by it.

We had occasion to consider the statute in C. I. T. Corporation v. United States, 86 F.(2d) 311, 314, and pointed out that in order to justify the remission or mitigation by the court of the forfeiture of a seized car, the claimant must show, as provided by the statute:

"(1) That he has an interest in the vehicle which he acquired in good faith; (2) that he had at no time any knowledge or reason to believe that the vehicle was being or would be used in the violation of laws relating to liquor, state or federal; and (3) that if the claimant's interest in the vehicle arises out of a contract with any person having a record or reputation of violating such law, the claimant, before acquiring his interest, had made inquiry of the law enforcement officers of the locality in which the other person had acquired his right under the contract and of the locality of the other person's residence, and of each locality in which the claimant has made inquiry as to the other person's character and financial standing, and had been informed that such other person had no such record or reputation."

We held that the claimant's petition in that case was properly refused because the purchaser had failed to answer an interrogatory contained in papers prepared by the claimant as to whether the purchaser had ever used a car or intended to use the purchased car for the transportation of alcoholic liquors; and because it appeared that if the claimant had inquired why the answer to the question was omitted, it would have discovered reason to believe that the car would be used for illegal purposes. In other words, the claimant had failed, as required by the second condition of the statute, to show that it had no reason at any time to believe that the vehicle would be used in violation of the law.

In the pending case, on the contrary, the three statutory conditions were complied with, and we must decide a question not necessarily involved in the prior decision, that is, whether the District Court is obliged to remit or mitigate a forfeiture when this situation is found to exist. We think that the court is not so restricted in the exercise of its power. The court is not permitted to strike out a forfeiture unless the statutory conditions are met, but even if they are met, the court may still exercise its judgment and in a proper case decline to remit or mitigate the forfeiture. The language of the statute transferring to the court ex-

clusive jurisdicion to exercise a power formerly exercised in the discretion of officials of the Treasury Department (see 26 U.S.C.A. §§ 1624, 1626; 19 U.S.C.A. § 532) and forbidding the court to act favorably unless the claimant proves that he has complied with the statute, suggests that no other restrictions upon the court were intended. Nevertheless remission or mitigation of a forfeiture when the statutory conditions are met may not be unreasonably withheld, and in passing upon the question in any case the remedial purpose of the statute must be borne in mind. Manifestly the act was passed to ameliorate the hardships suffered by innocent lienors from the seizure of offending vehicles, and the reference in the third condition of the act to interests of the claimant and of the violator of the law in the vehicle under a contract or agreement shows that Congress had especially in mind the rights of finance companies under conditional sales contracts which undoubtedly constitute the most numerous class to which the act applies. In effect, the act merely restored in modified form the protection afforded to innocent lienors by section 26 of title 2 of the National Prohibition Act (41 Stat. 315 [27 U.S.C. A. § 40]). See Richbourg Motor Co. v. United States, 281 U.S. 528, 50 S.Ct. 385, 74 L.Ed. 1016, 73 A.L.R. 1081.

■ When the facts of the pending case are approached from this viewpoint, we fail to find sufficient reason in the opinion of the court for the denial of the relief prayed. It cannot be found in the fact that the contract of sale was immediately transferred by a guilty dealer to an innocent lienor, for it may not be supposed that as a rule the dealer would be willing to sell his goods on credit to a known violator of the law and thus run the risk of forfeiture, or that the dealer with guilty knowledge would assign the contract to an innocent finance company and run the risk of a disruption of a helpful business arrangement. Indeed if lienors who accept from dealers assignments of conditional sales contracts immediately after the execution of the pa-pers are excluded from the benefits of the act, the purposes of the act to a large extent will be frustrated. It is common practice for automobile dealers promptly to assign conditional sales contracts to finance companies in order to secure at once the proceeds of the sales. Furthermore, the record in the pending case seems to furnish no basis for the statement in the opinion of the court that the finance company relied upon the investigations of the dealer who knew of the use to which the car would be put. There is nothing in the agreed statement of facts to support this statement. The answer of the finance company to the government's petition for forfeiture of the car alleged that the finance company made due and proper inquiry as to the moral and credit standing of Turner, and that the results of the investigation were satisfactory and no information was gained indicating directly or indirectly that Turner dealt with liquor or had a bad reputation as a dealer therein. These assertions were not controverted in the record, and while they were not embodied in the agreed statement of facts, that statement did show that the finance company had no knowledge that the car was purchased for the Sheltons but believed in good faith that Turner, whose record and reputation were good, was the purchaser.

■ In this situation, we are constrained to reverse the order of the District Court. We are in accord with the view expressed in a number of cases that the District Court has a broad discretion under the act; United States v. One Plymouth Coupe, 14 F.Supp. 610; United States v. One 1935 Chevrolet Coupe, 13 F.Supp. 986; United States v. 1935 Ford Coupe, 17 F.Supp. 331; and no general rule should be laid down to hamper or restrict the power lodged by Congress in the court, but, on the other hand, the purposes of the act will not be carried into effect, if relief is refused without supporting reason in cases in which the claimant shows that he has complied with the statutory provisions.

Reversed.