## UNIVERSAL CREDIT CO. v. UNITED STATES.

### No. 7533.

Circuit Court of Appeals, Sixth Circuit. June 28, 1937.

389

Paul Clarke, of Cleveland, Ohio (Conners & Clarke and Henry J. Zetzer, all of Cleveland, Ohio, on the brief), for appellant.

Jerome N. Curtis, of Cleveland, Ohio (E. B. Freed, of Cleveland, Ohio, on the brief), for appellee.

Joseph G. Myerson, of New York City, on brief for C. I. T. Corporation, amicus curiæ.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appellee filed a libel proceeding under title 27, section 88, U.S.C. (27 U.S.C.A. § 88), for forfeiture of one Ford coupé, alleging that it had been seized while illegally transporting distilled spirits. Appellant intervened, claiming an interest as assignee of a bailment lease used in the financing of the installment sale of the car. After written waiver of jury trial, upon consent of counsel a decree in forfeiture was ordered. Appellant then, under the provisions of title 27, section 40a, U.S.C. (27 U.S.C.A. § 40a),[1] applied for mitigation of the forfeiture. The District Court, after making findings of fact and conclusions of law, refused the application, on the ground that appellant had not acquired the

[1] "(a) Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"(b) In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

lien in good faith because it had not used necessary and reasonable precautions in its credit investigation.

The principal legal question is whether the remission or mitigation of forfeiture of a motor vehicle under title 27, section 40a, U.S.C. (27 U.S.C.A. § 40a), is addressed to the sound discretion of the court, or whether a claimant who proves compliance with the applicable requirements of paragraph (b) of that section is entitled as of right to such relief.

The Mugele Motor Company of Pittsburgh, Pennsylvania, sold the coupé to one Anthony Verdi, who signed an application for credit which was forwarded to appellant together with a purchaser's investigation form which revealed that Verdi had worked for two different employers for two years each as a barber, and named as credit reference a haberdasher and a jeweler. Neither place of employment nor Verdi's residence was investigated because they were not listed in the telephone directory. Upon a telephone inquiry by appellant, one of the credit references stated that Verdi had always paid cash, and the other that credit for $150 had been extended to Verdi, and that his account had been paid promptly. Other testimony was presented to the effect that Verdi had never had an account at that store.

The following questions and answers are part of the lease assignment made by the Motor Company to appellant:

"1. Have you any reason to believe Lessee violates any laws concerning liquor or narcotics? No.

"2. Was this Lessee's name ever rejected by any other Finance Company, Bank or Banker? No."

Appellant relied upon this statement, and had faith in the responsibility of the Motor Company.

When the coupé was seized, Verdi himself was not driving, nor present, and no connection is shown between him and the man who then had possession of the car.

The District Court found that appellant had no actual knowledge of any intended illegal use of the automobile, but concluded that the application was addressed to the sound discretion of the court, and that the court should grant the application only when the claimant has used all reasonable precautions to protect himself. It denied the application upon the ground that appel-lant had made a showing of mere casual investigation.

We disagree with this construction of the statute. While under paragraph (a) the court is given exclusive jurisdiction to remit or mitigate the forfeiture, this provision grants no discretionary power. The history of this enactment shows that the Congress intended, in paragraph (a), simply to withdraw from certain executive officials who had formerly exercised this power the right to remit or mitigate the forfeiture of a vehicle or aircraft seized for violation of the liquor laws and to confer exclusive jurisdiction in these matters upon the court in which the proceeding for forfeiture is filed. C. I. T. Corporation v. United States, 86 F. (2d) 311, 312 (C.C.A.4); Wilson Motor Co. v. United States, 84 F.(2d) 630 (C. C.A.9). The jurisdiction is to be exercised under the provisions laid down in the statute itself, and when the claimant has complied with the provisions, he is entitled as matter of right to the relief provided for in this section. Holding, as we do, that the power conferred in paragraph (a) is not discretionary, it is unnecessary to consider whether the court abused its discretion, as urged by appellant, in denying the application.

We think that appellant complied with all the applicable requirements of the statute. It had an interest in the vehicle, acquired for a valuable consideration. The court found that it had no actual knowledge that the automobile was to be used for illegal purposes. The lack of any criminal record against Verdi and the conceded fact that he had no reputation as a violator of the liquor laws shows that appellant had no constructive knowledge of any intended improper use. Hence the interest of appellant was acquired in good faith.

Since the interest asserted by appellant did not arise out of nor was in any way subject to any contract or agreement under which any person having a record or reputation for liquor law violation had a right with respect to the vehicle, section 40a (b) (3) does not control, and appellant was not required to inquire of the sheriff and other law enforcement officials named in the statute whether the lessee or purchaser had any such record or reputation for law violation. C. I. T. Corporation v.

United States, supra. If appellant had made such an inquiry it would have acquired no information, for Verdi had no criminal record. A rigid investigation is not required where there is no reason to suspect the purchaser of the car. The evident meaning of the statute is that such an investigation is required in cases where the suspicion of the financing company should be aroused by facts which come to its attention [Cf. C. I. T. Corporation v. United States, supra, 86 F.(2d) 311, at page 314], or where the record of the purchaser as a violator of the liquor laws constitutes constructive notice [Cf. United States v. One 1935 Ford Standard Coach Automobile (D.C.) 13 F.Supp. 104; United States v. One 1935 Chevrolet Coupe (D.C.) 13 F.Supp. 986].

The decree of condemnation in forfeiture is admitted to be correct and is affirmed. That part of the decree which denies the prayer of the intervening petition is reversed. The case is remanded with instructions to grant the application for mitigation or remission of forfeiture.