## UNITED STATES v. ONE 1936 MODEL FORD V-8 DE LUXE COACH.

### No. 4243.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1938.

Thomas A. Wofford, Asst. U. S. Atty., and Oscar H. Doyle, U. S. Atty., both of Greenville, S. C. (Edward P. Riley, Asst. U. S. Atty., of Greenville, S. C., on the brief), for the United States.

Eugene E. Heaton, of Baltimore, Md., Hicks & Johnston, of Greenville, S. C., and Dills, Muecke, Schelker & Levinson, of New York City, for appellee.

Before PARKER and SOPER, Circuit Judges, and COLEMAN, District Judge.

SOPER, Circuit Judge.

The question in this case is whether the District Judge was justified in remitting the forfeiture of an automobile which had been seized by federal officers while being used by one B. G. Walker for the unlawful transportation of distilled spirits in violation of R.S. § 3450, 26 U.S.C.A. §§ 1156, 1441. The automobile was sold on October 3, 1936 at Greenville, S. C., to one L. P. Walker by a dealer for the sum of $845, of which $325 was paid, leaving a balance due of $520 evidenced by a promissory note which was secured by a conditional sales contract. The note and contract were assigned for value by the dealer to the Commercial Credit Company. The credit company believed that L. P. Walker was the purchaser and owner of the vehicle, but as a matter of fact he was only the nominal purchaser and was acting for his brother, B. G. Walker, who had a previous record and reputation for violating both the state and federal laws relating to intoxicating liquor. L. P. Walker, the nominal purchaser, had also been convicted of violating the National Prohibition Act, 27 U.S.C.A. § 1 et seq., in 1929 and had been sentenced therefor, but his subsequent record and reputation had been good. The credit company, before accepting the assignment of the sales contract, made an investigation of L. P. Walker by inquiry at the headquarters of the sheriff of Greenville county, S. C., and of the chief of police of the city of Greenville, S. C., where L. P. Walker resided and where the contract of sale was signed. The credit company was informed that

he had no record or reputation for violation of the liquor laws. Information was received from the sheriff's office as to the bad record and reputation of B. G. Walker, but his relationship to L. P. Walker was not disclosed or suspected. No inquiry was made by the credit company at the headquarters of the principal federal internal revenue officer engaged in the enforcement of the liquor laws, or of any other principal local or federal law enforcement officer of the locality.

Under these circumstances, the credit company made claim for a remission of the forfeiture, and the District Judge concluded that it was entitled thereto under the decision of this court in C. I. T. Corporation v. United States, 4 Cir., 89 F.2d 977, where we considered the power of the District Court to remit forfeitures and the duty of the lienor to make inquiries in cases of this sort under the Liquor Law Repeal and Enforcement Act of August 27, 1935, 49 Stat. 872, 878, § 204, 27 U.S.C.A. § 40a. The government contends that the claimant failed to comply with the conditions imposed upon it by subsection (b) of the act, in that (1) it did not prove that it had no reason to believe that the car would not be used in violation of the liquor laws, since the circumstances were such as to call for an investigation which, if made, would have disclosed the true ownership of the car; and (2) that the claimant had not made an inquiry as to the record and reputation of the purchaser of the car of all of the state and federal officials listed in that subsection of the act.

We are of opinion that the judgment of the District Court should be affirmed. The statute does not require the lienor in transactions of this kind to investigate the purchase of an automobile under a mortgage or conditional sales contract in order to ascertain whether the automobile is being used or will be used in violation of laws relating to intoxicating liquor, unless the lienor has some knowledge or reason to believe that such is the case. It is conceded here that on the day of the sale the dealer submitted the contract to the claimant and two days later assigned the contract to it in the usual course of business; that the claimant in the meantime made the investigation described above and then purchased the contract in good faith, believing L. P. Walker to be the purchaser and owner and without knowledge, information, or suspicion

of the true facts. The claimant therefore complied with the conditions of subsection (b) (1) and (2), for it had acquired its interest in the vehicle in good faith, and had neither knowledge nor reason to believe that it would be illegally used. There was nothing to show that L. P. Walker was not the real purchaser of the car or that seven years before he had violated the National Prohibition Act. The claimant, in our opinion, should not be charged with constructive notice of his conviction shown by the records of the United States court, as suggested in Universal Credit Company v. United States, 6 Cir., 91 F.2d 388, 391, because the statute does not direct an inspection of the court records but merely an inquiry at the headquarters of certain law enforcement officers.

Nor was the information received from one of the officials that another Walker had a criminal record sufficient to put the claimant on further inquiry in the absence of any knowledge or reason to suspect his relationship to the ostensible purchaser or his interest in the car. The involved language of subsection (b) (3) of the act does permit the possible interpretation that the lienor is charged with the duty of making inquiry as to every one, bearing a bad reputation or record, who may have a right under the contract of sale, whether or not it appears on the face of the instrument. See Federal Motor Finance v. United States, 8 Cir., 88 F.2d 90. But in our view Congress did not intend to impose upon the lienor the obligation to ascertain at his peril the identity of every person having an interest in the property and to make inquiry of the law enforcement officers as to the previous record and reputation of every such person, unless from the documents themselves or other surrounding circumstances the lienor possesses information which would lead a reasonably prudent and law-abiding person to make a further investigation.

The claimant also complied with the conditions set out in subsection (b) (3) of the statute. It does not require, in the event that the purchaser has a record or reputation for violating the liquor laws, that the lienor shall make inquiry of all of the officials mentioned in subsection (b) (3) of the act. They are listed in the disjunctive, and it is sufficient if the lienor makes inquiry at the headquarters of one of the named officials, that is, the sheriff, the chief of police, the principal internal

774

revenue officer engaged in the enforcement of the liquor laws, or other principal local or federal law enforcement officer; provided, however, that the inquiry is made of such an official (1) in the locality where the purchaser acquired his right under the contract, and (2) in the locality where the purchaser resides, and (3) in every other locality where the lienor has made any other inquiry as to his character or financial standing. See United States v. One 1935 Dodge Rack-Body Truck, 2 Cir., 88 F. 2d 613.

We reiterate the opinion expressed in our former decision that the District Court is not obliged to remit or mitigate a forfeiture in every case in which the lienor has complied with the statutory conditions, but that the court in such event may still exercise its judgment and decline to relieve the lienor when reasonable grounds for such action are found to exist. Compare Universal Credit Co. y. United States, 6 Cir., 91 F.2d 388, 390. Such grounds might be deemed to exist if it should be found to be a practice of automobile dealers or their agents to conspire with purchasers, known to be violators of the liquor laws to conceal their interest in the transactions from the finance companies accepting assignments of the conditional sales contracts. In the pending case, however, the District Court, considering all of the circumstances, concluded that the power to remit the forfeiture should be exercised, and we find nothing in the record to suggest that the power has been misused.

Affirmed.