## WILSON MOTOR CO. v. UNITED STATES.

No. 8685.

Circuit Court of Appeals, Ninth Circuit.

April 15, 1938.

Fred C. Brown, of Seattle, Wash., for appellant.

J. Charles Dennis U. S. Atty., and G. D. Hile, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee, the United States, filed its libel praying forfeiture of an automobile which, it alleged, had been used by one Frank Brown in the removal and for the deposit and concealment of distilled spirits in respect whereof a tax was imposed, with intent to defraud appellee of such tax, and in violating the internal revenue laws relating to liquors.[1] Process issued, and the automobile was seized thereunder. Appellant, Wilson Motor Company, a corporation, holder of a chattel mortgage on the automobile, filed a claim for remission of the proposed forfeiture. A trial was had, findings of fact were made and filed, and thereupon a decree was entered, forfeiting the automobile and disallowing appellant's claim. This appeal is from that decree.

It is conceded by appellant that the automobile had been used in the manner and for the purposes stated in the libel and was, by reason thereof, subject to forfeiture. The sole question is whether the disallowance of appellant's claim for remission of forfeiture was reversible error. Such claims are governed by section 204 of the Liquor Law Repeal and Enforcement Act, 49 Stat. 878, 27 U.S.C.A. § 40a, which provides:

"(a) Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors,

---

[1] 26 U.S.C.A. §§ 1150, 1152a, 1152g, 1441; 27 U.S.C.A. § 157.

such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"(b) In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor. * * *"

 Appellant proved that it had an interest in the automobile in question, as mortgagee thereof, which it acquired in good faith, but it did not prove that it had at no time any knowledge or reason to believe that the automobile was being or would be used in the violation of laws of the United States or of any state relating to liquor.

Appellant's witnesses were (1) its president, Harry L. Wilson, (2) its office manager, Effie Denton, and (3) its salesman, Joseph A. Lavold, who, acting for appellant, sold the automobile, collected part of the purchase price, and, for the unpaid balance, took from the nominal purchaser, Mildred Jones McGowan, the chattel mortgage above referred to. Lavold thereupon delivered the automobile to the actual purchaser, Frank Brown, by whom it was thereafter used in the manner and for the purposes stated in the libel. Appellant's witnesses did not, nor did any of them, testify that they or appellant had at no time any knowledge or reason to believe that the automobile was being or would be so used. There was no testimony on that subject.

Appellant appears to have assumed that it was incumbent on appellee to prove that appellant had knowledge or reason to believe that the automobile was being or would be used in the violation of laws of the United States relating to liquor. Actually, by the terms of the statute, appellant had the burden of disproving such knowledge or reason for belief. That burden was not sustained.

 Even though appellant had made the required proof, it still would not have had the absolute right to remission of forfeiture. The allowance or disallowance of a claim for remission or mitigation rests within the trial court's discretion, the ex-

ercise of which, in the absence of abuse, is not reviewable. United States v. One 1935 Dodge Rack-Body Truck, 2 Cir., 88 F.2d 613, 615. See, also, C.I.T. Corp. v. United States, 4 Cir., 89 F.2d 977, 978. There is here no showing of abuse.

Decree affirmed.