## UNITED STATES v. AUTOMOBILE FINANCING, Inc.

### No. 8753.

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1938.

Lawrence S. Camp, U. S. Atty., and A. Sidney Camp, Asst. U. S. Atty., both of Atlanta, Ga.

Clint W. Hager and J. D. Tindall, both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Proceeding under Sec. 40a Title 27 U.S.C.A. the Financing Company sought the remission from forfeiture of a Ford automobile, seized while removing and concealing nontax paid liquor, in violation of Sec. 3450, Rev.St., 26 U.S.C.A. § 1441. Its claim was, as the innocent owner and holder in good faith of purchase money notes and lien on the car, given by one William Robert Jenkins, a person without record or reputation of violating either State or Federal liquor laws.

The United States opposed the remission on the ground that Jenkins was not the real, but only the pretended purchaser of the automobile; that the real purchaser and owner was Robert L. McFarland, whose record and reputation as a liquor law violator was bad; and that under subdivision (b)(3) of Sec. 40a, 27 U.S.C.A., "the interest asserted by claimant arises out of", or at least, "is subject to, a contract or agreement under which a person having a record or reputation as a liquor violator has a right with respect to the automobile."

The District Judge made findings fully supported by the record; that McFarland was the real purchaser and owner; that because of his own bad reputation as a liquor violator, he had procured Jenkins to appear as ostensible purchaser; that the Finance Company was, however, wholly unaware of this fact and prosecuted inquiries and purchased the notes and lien in the good faith and reasonable belief that Jenkins was the purchaser; that Jenkins had a good reputation for character and for paying his debts, and that the Finance Company had a right to and did rely upon this record and reputation. He concluded that there was no duty or obligation upon the Company to investigate the record and reputation of McFarland, the real but secret purchaser of the car, and in the exercise of the discretion he thought the statute conferred on him, he ordered the forfeiture remitted.

The United States is here insisting that, under the findings, the spirit and the purpose of the statute, as well as its literal terms, authorized, indeed required, the District Court to deny the remission of forfeiture. A large part of its brief is devoted to maintaining that remission is not a matter of right, and that even though all statutory "conditions precedent to remission or mitigation" are complied with, whether there shall be a remission or mitigation is still within the sound discretion of the court.

We understand this to be the law.[1] We do not understand appellee to contend oth-

[1] C. I. T. Corporation v. United States, 4 Cir., 86 F.2d 311, 314; C. I. T. Corporation v. United States, 4 Cir., 89 F.2d 977; Universal Credit Co. v. United States, 6 Cir., 91 F.2d 388; United States v. One 1935 Dodge Rack-Body

erwise. Certainly the District Judge so understood the law. In his opinion he said; "I think this is a clear case where the Court should exercise its discretion to remit the forfeiture."

The real controversy between appellant and appellee is over appellant's contention; that in the case of sales of this kind, where the real purchaser with a record, procures another to appear as purchaser, the ostensible purchaser must be disregarded and the remission granted or denied upon the record and reputation of the real purchaser; and that where, as here, no inquiry was made regarding him, the statutory conditions precedent have not been complied with, and remission must be denied.

■ The involved language of (b)(3)[2] is, we think, capable of such a possible construction. Several District Courts, and one Circuit Court of Appeals, the Eighth,[3] have so construed it. We agree, however, with the view of the Fourth Circuit Court of Appeals[4] that "Congress did not intend to impose upon the lienor the obligation to ascertain at his peril" the existence of secret or covered interests, "unless from the documents themselves or other surrounding circumstances the lienor possesses information which would lead a reasonably prudent and law-abiding person to make further investigation."

■ The long legislative and judicial history of the struggles of those engaged in a large and legitimate industry, automobile financing, to protect themselves and their industry from the ruinous consequences of wholesale forfeitures, unreasonable and unjust as to them from the standpoint of bona fides,[5] and the committee reports accompanying the passage of the Remission Act,[6] all conspire to support, as the construction intended for the Act, that in the absence of circumstances putting them upon notice, persons dealing with automobile paper in due course and in good faith, may deal with it upon the faith of the ownership being as it appears upon the papers to be; and that, if they have made the prescribed inquiry as to the owners so appearing, the Court, in the exercise of a sound discretion, may remit the forfeiture as to them.

■ We think it plain that the discretion was soundly exercised in this case. The order of remission is affirmed.

---

Truck, 2 Cir., 88 F.2d 613; United States v. C. I. T. Corp., 2 Cir., 93 F.2d 469; United States v. One 1936 Model Ford, 4 Cir., 93 F.2d 771, affirmed 59 S. Ct. 99, 83 L.Ed. —, Oct. 17, 1938, without opinion by an equally divided court.

2 "If it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

3 Federal Motor Finance v. United States, 88 F.2d 90.

4 United States v. One 1936 Model Ford V-8, 93 F.2d 771, 773.

5 In United States v. One Buick Automobile, D.C., 39 F.2d 107, 108, this struggle was thus set forth: "The decisions on the point reflect quite well the impact upon the minds of the different judges of these conflicting views. Some of the judges have felt that the claims of innocent owners, and others that the claims of the government, should be given paramount protection, with the result that a matter which ought to have been settled by congressional enactment, so that an industry concerned as much with credit as the automobile industry, is, would know what to expect from the law, has been mulled over by many judges, with here a victory for strict, and there one for a liberal, construction." See, also, Richbourg Motor Co. v. United States, 281 U.S. 528, 50 S.Ct. 385, 74 L.Ed. 1016, 73 A.L.R. 1081; C. I. T. Corporation v. United States, 4 Cir., 89 F.2d 977; United States v. One 1936 Model Ford, D.C., 19 F.Supp. 470, affirmed 4 Cir., 93 F.2d 771, 773.

6 Liquor Law Repeals and Enforcement Act of August 27, 1935, 27 U.S. C.A. Sec. 48—49 Stat. 872; United States v. One 1936 Model Ford, supra.