**UNITED STATES v. ONE 1935 PLYMOUTH SEDAN AUTOMOBILE, MOTOR NO. PJ–161376.**

**No. 60.**

District Court, W. D. Kentucky, Paducah Division.

Jan. 4, 1941.

J. Dudley Inman, Asst. Dist. Atty., of Louisville, Ky., for libelant.

Robert Reed, of Paducah, Ky., for respondent.

MILLER, District Judge.

The Citizens National Bank of Evansville, Indiana, has filed an intervening petition in this libel proceeding against a 1935 Plymouth sedan asking the remission from forfeiture of the sedan which was seized while containing 22 gallons of non-tax paid whiskey. The intervenor has a lien interest against the automobile. The facts are stipulated.

The automobile was sold under a conditional sales contract by Hale Motor Sales Company to Ruby Sapp. The contract was signed by both Ruby Sapp and her husband T. J. Sapp. The note for the unpaid purchase price was signed by both Ruby Sapp and T. J. Sapp. Payments have been made by Ruby Sapp. Ruby Sapp had no record or reputation for engaging in any activities in violation of the law of the United States, or the State of Kentucky, in regard to liquor. T. J. Sapp had such a reputation. At the time of the sale inquiry was made of the Chief of Police of Mayfield, Kentucky, as to Ruby Sapp's reputation. The Chief of Police reported that it was good as to the bootleg hazard, but that she was the wife of T. J. Sapp who was suspected by the Chief of Police as being engaged in the transportation and sale of non-tax paid whiskey.

The intervenor apparently relies upon the rule that there is no duty or obligation upon the seller or lienor to investigate the record and reputation of one who is the secret purchaser of the car, whose name does not appear in the transaction, and that if the seller makes a careful investigation of the person in whose name the car is purchased and finds it to be satisfactory and has no information about the undisclosed interest of the real purchaser, he has done all that is required of him by the Statute and is entitled to a remission from forfeiture. This rule has been applied in several cases. United States v. One 1936 Model Ford V-8 De Luxe Coach, 4 Cir., 93 F.2d 771; United States v. Automobile Financing, Inc., 5 Cir., 99 F.2d 498; United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 (affirming the two cases immediately preceding); United States v. One 1938 Model Chevrolet Coach, 5th Cir., 106 F.2d 985. The case last cited is very similar in fact with the present case, in that the seller required the purchase-money note to be endorsed by a friend of the "straw" purchaser, which endorser had a reputation for violating the liquor laws. No investigation was made of the endorser and the Court held that none was required.

However, those cases also recognize the rule to be that remission is not a matter of right, and that even though all statutory conditions precedent to remission or mitigation are complied with, whether there shall be a remission or mitigation is still within the sound discretion of the Court. See also, Beaudry v. United States, 5th Cir., 106 F.2d 987, 988, in which the Court said "even where the minimum statutory conditions are complied with, if there are facts and circumstances which give an unsatisfactory color or character to the transaction" the District Judge has the discretion to refuse the remission, and it would be only in the most extreme case that his discretion in refusing a remission would be reviewed. In the case of United States v. Automobile Financing, Inc., supra, 5 Cir., 99 F.2d 498, 500, affirmed 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, the Court said in effect that the lienor had a duty to investigate the real but undisclosed purchaser, if "from the documents themselves or other surrounding circumstances the lienor possesses information which would lead a reasonably prudent and law-abiding person to make further investigation." See, also, United States v. One 1937 Model Ford V-8 Coupe Automobile, D.C. E.D. Ky., 22 F.Supp. 385.

In the present case both the documents themselves and the other surrounding circumstances would seem to require the lienor to make a further investigation of what use the automobile would be put to. In the opinion of the Court the lienor cannot truthfully say as is required by Section 40a of Title 27 U.S.C.A. that she had at no time any knowledge or reason

*tr)* believe that the automobile would be used in the violation of laws of the United States or of any State relating to liquor.

The petition of the intervenor for a remission from forfeiture is denied.