**UNITED STATES v. ONE 1949 CHEVRO-LET COACH MOTOR NO. GAA 953083 et al.**

**Civ. No. 5081.**

United States District Court
W. D. Oklahoma.

Dec. 29, 1951.

Harry G. Foreman, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

David W. Taylor, Norman, Okl., for defendant.

C. W. Clift, Oklahoma City, Okl., for intervener.

374

WALLACE, District Judge.

Proceeding by the United States against one 1949 Chevrolet Tudor Sedan, Motor No. GAA 953083, to forfeit the automobile for an alleged violation of the internal revenue law which requires payment of a special tax by retail liquor dealers. The Associates Discount Corporation intervened, claiming a lien upon the automobile.

The United States of America filed a libel of information seeking the forfeiture of the automobile described above. The libel alleged that the automobile was used in violation of Title 26 U.S.C.A. § 3253 and was subject to forfeiture under Title 26 U.S.C.A. § 3116. The Associates Discount Corporation filed an answer praying for dismissal of the libel and alleging that it was the assignee and holder in good faith of a note and chattel mortgage executed by one W. P. Cain, the ostensible purchaser of the automobile. It was further alleged that it at no time had any knowledge or reason to believe that the automobile was being or would be used in violation of any liquor laws.

The facts are not in dispute. The case was submitted upon stipulations by the parties substantially as follows:

1. During the months of October and November, 1950, Allen Benson Carlisle and Leland L. Hendrix used the automobile involved in this action in the operation of a retail liquor business at 1512 S. W. 37th Street, in Oklahoma City, Oklahoma, and during this time neither Carlisle nor Hendrix paid the special tax required by law on the retail liquor business.

2. The automobile was seized on November 16, 1950, at the Capitol Hill Drive-in, 3000 S. Robinson, Oklahoma City, by Special Investigators for the Alcohol Tax Unit. The appraised fair cash value at the time of the seizure was $1,200.

3. Allen Benson Carlisle and W. P. Cain can claim an interest in the automobile on the basis of the fact that they are the registered owners of the vehicle.

4. The Associates Discount Corporation can claim an interest in the automobile based on an assigned chattel mortgage and promissory note by the terms of which W. P. Cain agreed to pay the J & K Motor Company, used car dealers of Oklahoma City, the sum of $1,777.20, this being the unpaid balance of the purchase price of the automobile, including the insurance and carrying charges, sold on December 28, 1949. The terms of the mortgage and note also provided for a repayment plan of 24 monthly payments of $74.05 each, to start on February 2, 1950. The note and mortgage were assigned, without recourse on the dealer, to the Associates Discount Corporation on December 28, 1949. Ten monthly payments were made, leaving an unpaid balance of $1,036.70 as of the date of the seizure and this balance, less unearned interest and unexpired insurance, is the claim asserted by the Associates Discount Corporation.

5. W. P. Cain admittedly purchased the automobile for Allen Benson Carlisle, a known bootlegger; but the vehicle traded in on the automobile in controversy belonged to Carlisle, and the balance of the down payment of $375.00 was made by Carlisle, as well as all of the ten monthly payments.

6. The Associates Discount Corporation made no inquiry concerning the record and reputation for liquor law violations of Allen Benson Carlisle or W. P. Cain.

7. Allen Benson Carlisle has a reputation and record for violation of local, state and federal laws pertaining to liquor, and had the Associates Discount Corporation made inquiry as required by Section 3617, Title 18 U.S.C.A., it would have been advised that the said Carlisle did have such a reputation and record.

8. W. P. Cain has no record for violation of local, state or federal liquor laws as of the date of the purchase of the automobile, December 28, 1949.

9. The certificate of title shows upon its face that the automobile was transferred from the J & K Motor Co. to W. P. Cain or Allen Carlisle on the 28th day of December, 1949, and that there was a lien in favor of the Associates Discount Corporation against the vehicle.

As hereinbefore stated, the libel charges a violation of 26 U.S.C.A. § 3253,

a penal statute, which also provides for forfeiture of certain personal property. The automobile involved in this controversy is not subject to forfeiture under this provision, but the libel also alleges that forfeiture of the vehicle is sought under 26 U.S.C.A. § 3116, which provides in part:

"Forfeitures and seizures

"It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws, or which has been so used, and no property rights shall exist in any such liquor or property. * * *"

The above two sections of the internal revenue laws were carefully and fully discussed in the case of United States v. Windle, 8 Cir., 158 F.2d 196, wherein it was held that the two sections are not contradictory and that forfeiture under § 3116 is proper even though the violation of the internal revenue law is based upon a different section which contains its own forfeiture provisions.

■ There is no question but that the automobile was used in the operation of the retail liquor business and that no tax was paid as required by law for the operation of such a business. Since the innocence of the owner or of the claimant of the car does not enter into the issue of the right of the Government to forfeit the car; United States v. One Chevrolet Truck, 5 Cir., 79 F.2d 651; Busic v. United States, 4 Cir., 149 F.2d 794; United States v. Plymouth Coupe, D.C., 88 F.Supp. 93; the only question as to forfeiture is whether or not there was an intent to use the car in violation of the internal revenue laws. Intent is not easily established in any particular set of circumstances; however the most probative evidence of intent is the actual commission of an offense, which is present in this case. The court finds as a conclusion of law that the automobile here involved is subject to and is hereby decreed to be forfeited.

Although forfeiture of the automobile followed from the findings of fact and law, there is the further consideration of remission or mitigation of forfeiture insofar as the Associates Discount Corporation is concerned. Allen Benson Carlisle and W. P. Cain also intervened and filed answers to the libel, but Cain claims no interest in the automobile and the stipulations and admissions of Carlisle clearly show that he is not entitled to any relief.

The answer of Associates Discount Corporation sought relief in the form of a prayer for dismissal of the libel of information. This is not strictly the best form of pleading for seeking remission or mitigation of forfeiture, but the allegations of paragraph three of the answer are sufficient to properly treat it as a petition for remission under Title 18 U.S.C.A. § 3617. Busic v. United States, supra; United States v. Plymouth Coupe, supra.

■ Remission or mitigation under § 3617 of Title 18 U.S.C.A. is discretionary with the court, but this is a sound judicial discretion and cannot be arbitrarily exercised. However, there are three conditions precedent to remission or mitigation that must be met by the claimant before he is entitled to relief. These three conditions are set out in Title 18 U.S.C.A. § 3617(b) and are identical with former Section 646 of Title 18 U.S.C.A. and Section 40a (b) of Title 27 U.S.C.A.

These conditions precedent were considered in at least three Circuit Court of Appeals cases where "straw man" purchases were involved very similar to the factual situation in the present case. In Federal Motor Finance v. United States, 8 Cir., 88 F.2d 90, remission of forfeiture was denied. In United States v. One 1936 Model Ford V-8 DeLuxe Coach, 4 Cir., 93 F.2d 771, and United States v. Automobile Financing, Inc., 5 Cir., 99 F.2d 498, remission was ordered. These three cases were cited by the majority of the court in United States v. One 1936 Model Ford V-8 DeLuxe Coach, Commercial Credit Company, Claimant, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, and the latter two cases were approved. Although the Supreme Court did not expressly overrule the decision in the Federal Motors Finance case, supra, there was a clear expression of the

majority as to the interpretation of the conditions precedent.

This court cannot see any real distinction between the case before the court as to its factual situation and that considered by the Supreme Court in United States v. One 1936 Model Ford V-8 DeLuxe Coach, supra. All of the conditions precedent to remission are met in this case, and there is no evidence to show collusion on the part of the dealer and the "real purchaser" or other circumstance which the court feels would warrant denial of remission.

■ It is the judgment of the court that remission will be granted upon the payment of all expenses incident to the seizure of the automobile here involved incurred by the United States of America, and all excess money which the automobile may bring upon a subsequent sale over and above the interest which is claimed by the Associates Discount Corporation shall be forfeited to the United States.

Counsel are directed to submit a journal entry in conformity with this opinion within ten days from this date.