UNITED STATES of America,
Libellant,

v.

ONE 1953 OLDSMOBILE 98 4-DOOR SEDAN, Motor Number R 257687,
Respondent.

and

UNITED STATES of America,
Libellant,

v.

ONE 1954 MERCURY 2-DOOR SEDAN, Motor No. 54ME-35289-M,
Respondent.

Misc. Nos. 1744, 1840.

United States District Court
E. D. Virginia, Norfolk Division.
July 16, 1955.

L. S. Parsons, Jr., U. S. Atty., and John M. Hollis, Asst. U. S. Atty., Norfolk, Va., for plaintiff.

Russell T. Bradford, Sacks & Sacks and Kellam & Kellam, Norfolk, Va., for defendant.

HOFFMAN, District Judge.

These cases, involving the same general principles of law, were argued together in the nature of a pretrial conference. The forfeiture in No. 1840 involving the "Mercury" was heretofore ordered in an opinion of this Court, 128 F.Supp. 891, subject to the rights of the Commercial Credit Company, intervening petitioner. The forfeiture in No. 1744 was denied by this Court, but the judgment of this Court was reversed in United States v. One 1953 Oldsmobile 98 4-Door Sedan, Motor Number

R257687, 4 Cir., 222 F.2d 668. By agreement of counsel the rights of the intervening petitioner, General Motors Acceptance Corporation, in said "Oldsmobile", are determined in advance of the hearing on the forfeiture, but the determination of the present issue in the "Oldsmobile" case shall be subject to the future action of the Court as to the right of forfeiture.

The issue involved concerns the duty of a finance company to make inquiry as to the record or reputation of husbands in instances where title certificates of motor vehicles are registered in the name of the wife, who bears no adverse record or reputation for violating laws of the United States or of any State relating to liquor.

The remission or mitigation statute, 18 U.S.C.A. § 3617(b), requires the claimant to prove:

(1) The interest in the vehicle, acquired in good faith.

(2) That claimant at no time had any knowledge or reason to believe that the vehicle was being or would be used in violation of any Federal or State law relating to liquor.

(3) If the interest of the claimant arises out of any contract or agreement "under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a *right* with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation".

In the Mercury case title to the vehicle was registered, under the laws of Virginia, in *"Mrs. Jack B. Cartwright"*. She *alone* signed the contract documents which were acquired by the lien claimant and which do not even show the name or occupation of her husband. She did not have any adverse record or reputation as to liquor dealings. The finance company made no inquiry along these lines. The failure to do so does not, of itself, justify a denial of remission. One 1951 Chevrolet, etc. v. United States, 5 Cir., 212 F.2d 662. The Government urges, however, that an inquiry into the reputation of "Jack B. Cartwright" (the husband) would have revealed an adverse reputation as to laws relating to liquor on the part of the husband. Was it the intention of Congress to require lien claimants to make inquiry as to husbands and perhaps other members of a family in such a case?

In the opinion of this Court there is a distinction between the rights of the wife and the rights of a lien claimant herein. In its prior opinion the Court held that the wife's plea of ignorance of illegal operations of the husband was incredible and, as to the wife, the mere fact that the vehicle was titled in her name affords no protection. The situation with respect to a bona fide lien claimant is, however, in a different category. This is not the case of the use of a "straw man" and there was no effort on the part of the wife to conceal the name of her husband. In the failure of the contract documents to reveal the existence of the husband, it would be a rather harsh rule to require finance companies to make independent inquiries as to all members of the family. To carry such an obligation to the extreme would

result in numerous inquiries too burdensome in the efficient operation of any lawful business. The pronouncement of the United States Supreme Court in United States v. One 1936 Model Ford V–8 DeLuxe Coach, etc., 307 U.S. 219, 59 S.Ct. 861, 869, 870, 83 L.Ed. 1249, appears to be applicable, where it is said:

"Subsection (b) (3) was intended to prevent remission to a claimant who had failed to inquire when he should have done so, to one chargeable with willful negligence or purpose of fraud. It would be excessively harsh, unreasonable indeed, to say that one dealing in entire good faith must, at his peril, first discover and then make inquiry concerning somebody of whose existence he has no knowledge or suspicion. We cannot think Congress intended thus to burden dealing in all vehicles capable of transporting liquor".

The casual credit inquiries as to the wife failed to reveal any suspicions of the husband's reputation. Had such information come to the attention of the finance company, the petitioner's status would have been different.

Another situation exists with respect to the Oldsmobile. Title to the vehicle was registered in the name of Katherine A. Hoffler, the wife of one Hubert E. Hoffler. While Katherine A. Hoffler had no record or reputation as to the violation of any laws relating to liquor, it is conceded that the husband, Hubert E. Hoffler, had a local record of one conviction and a reputation as a "bootlegger". The contract documents, financed through General Motors Acceptance Corporation, reveal the purchaser of the vehicle to be Hubert E. Hoffler, although Katherine A. Hoffler testified that all funds used in acquiring the vehicle were her separate property. We are not, however, concerned with this phase of the evidence. As far as the finance company was concerned, Hubert E. Hoffler was the true purchaser with the contract documents indicating that title was to be registered in Katherine A. Hoffler. Under such a set of facts it was the duty of the finance company to make inquiry as to both of said parties. In fact, from the evidence adduced by the finance company, it appears that the only inquiry made was with respect to the financial status of Hubert E. Hoffler. This is abundant proof of the fact that the finance company looked upon Hubert E. Hoffler as the real owner of the vehicle.

Counsel for General Motors Acceptance Corporation insist that, under the wording of the statute, the duty of inquiry is only as to such person who has a "right" with respect to such vehicle. It is urged that the opinion of District Judge Barksdale in United States v. One Studebaker Coupe, etc., D.C., 39 F.Supp. 250, is controlling, wherein there is reference to the word "right" as meaning "legal right". Following this contention to its logical conclusion, it is undoubtedly true that, under the Virginia law, the vehicle would be subject to the rights of the creditors of Katherine A. Hoffler; that, in the event of her death, it would have been a part of her estate; that it would be separately assessed for personal property taxes as her property; and that, in the event of any marital dispute, the vehicle would remain the separate property of Katherine A. Hoffler.

The case of United States v. One Studebaker Coupe, etc., supra, involves a situation in which one Phillips signed the bank note as comaker with his mother-in-law, Nina S. Penn, the owner and purchaser of the motor vehicle. The record and reputation of Mrs. Penn was clear, but Phillips had a reputation as a violator of laws relating to liquor. This reputation was not known to the Bank, nor was his reputation so notorious as to be generally known in the community. The question of the Bank's duty to make inquiry as to Phillips was presented to the Court and Judge Barksdale held that the mere presence of a comaker's name on a note did not, in itself, constitute such notice as would require the Bank to make inquiry as to the comaker. While it is true that Judge Barksdale interprets the word "right" in the statute to mean

"legal right", this Court does not believe that such an interpretation was intended to apply to a situation involving husband and wife as, in a later case, the same Judge ruled that a reasonable investigation of the alleged wife, in whose name the vehicle was titled, would have revealed the reputation of her common law husband, and the Court denied remission. United States v. One 1941 Ford Coach Automobile, etc., D.C., 42 F.Supp. 246. To such extent as the words "legal right" must be confined to "property rights", this Court must reluctantly disagree with the Court's statement in United States v. One Studebaker Coupe, etc., supra. To hold otherwise would permit "bootleggers" to permit vehicles to be titled in the names of their wives and financed with immunity from the provisions of 18 U.S.C.A. § 3617(b). The question of "interest" rather than "right" appears to be the subject of discussion in United States v. One 1936 Model Ford V–8 DeLuxe Coach, 4 Cir., 93 F.2d 771, 773, affirmed 307 U.S. 219, 225, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. Automobile Financing, Inc., 5 Cir., 99 F.2d 498.

The intention of Congress appears to be as stated by the Circuit Court of Appeals for the Fourth and Fifth Circuits to the effect that the lienor is not under obligation to ascertain the existence of secret or covered interests "unless from the documents themselves or other surrounding circumstances the lienor possesses information which would lead a reasonably prudent and law-abiding person to make further investigation". Since the contract documents in the Oldsmobile case clearly indicated that Hubert E. Hoffler was the purchaser of the vehicle (even though Katherine E. Hoffler testified that she used her own funds to purchase same), any reasonably prudent person should have investigated the reputation and record of Hubert E. Hoffler.

An order will be entered in No. 1840 granting remission or mitigation to the extent of the interest of Commercial Credit Company and said vehicle shall be sold subject to the rights of said lienholder.

No order in connection with No. 1744 will be entered until determination of the right of forfeiture.