**UNITED STATES of America, Libelant,**

v.

**ONE 1965 PLYMOUTH SPORTS FURY 2-DOOR HARDTOP SEDAN, Serial No. P452-190950.**

**In re the CITIZENS & SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, Defendant.**

**Civ. A. No. GR. 65-10.**

United States District Court
D. South Carolina,
Greenville Division.

June 9, 1966.

John C. Williams, U. S. Atty., and James D. McCoy, III, Asst. U. S. Atty., Greenville, S. C., for libelant.

James M. Shoemaker, Jr., of Wyche, Burgess, Freeman & Parham, Greenville, S. C., for defendant bank.

HEMPHILL, District Judge.

Libelant seeks adjudication of forfeiture of a 1965 Plymouth Sports Fury 2-Door Hardtop Sedan, Serial No. P452-190950, alleging that it was used in the deposit and concealment of various quantities of distilled spirits on which the tax imposed by the laws of the United States had not been paid. The libel alleged that on September 30, 1965, the vehicle was seized by investigators of the Alcohol and Tobacco Tax Division in Greenville County, pursuant to the provisions of Sections 7301 and 7302 of the Internal Revenue Code of 1954.

The Citizens and Southern National Bank of South Carolina, as petitioner, alleging an interest by virtue of ownership of a chattel mortgage on the vehicle, answered, denying such alleged use of the motor vehicle, and asking for remission or mitigation of the forfeiture should the court adjudge the vehicle forfeited.

The case was heard without a jury, at Greenville, South Carolina, on April 6, 1966. It was stipulated at the trial of the case that the car was in fact forfeited to the United States for its use in transporting non-tax paid distilled spirits. It was further stipulated that Janie E. Clayton did have a record with the Alcohol and Tobacco Tax Division of the Internal Revenue Service for violating the Internal Revenue laws as they relate to distilled spirits, and that the petitioner had not made inquiry with any of the enumerated law enforcement agencies before acquiring its interest in the chattel mortgage as required by 18 U.S.C.A. § 3617. Lastly, the petitioner stipulated that the down payment for the subject vehicle consisted of part cash and a 1954 Chevrolet Sedan. The 1954 Chevrolet Sedan was registered in the name of Janie E. Clayton at the time it was traded for the 1965 Plymouth Sports Coupe. From the stipulations of counsel, the testimony and exhibits introduced, the court makes the following:

FINDINGS OF FACT

1. Petitioner acquired a legal interest in the libeled vehicle by its purchase on January 15, 1965, of a chattel mortgage

executed between Leroy Clayton and Janie E. Clayton, his mother, and the petitioner in the amount of $3,166.20. Payments were made on the contract up to September 30, 1965, the date of seizure. The net balance due petitioner as of that date exceeded the sum of $1,800.00, the appraised value of the libeled vehicle at the time of seizure.

2. Leroy Clayton and Janie E. Clayton reside now, and at the time of the acquisition of the subject vehicle, in the same home. They purchased the automobile from Baker Motor Company in the City of Greenville. Leroy Clayton was the registered owner of the vehicle. Leroy Clayton and Janie E. Clayton signed together the note and chattel mortgage of the petitioner for the purchase of this vehicle.

3. Before acquiring its interest by way of lien in the libeled vehicle on January 15, 1965, petitioner did not make inquiry of any of the enumerated law enforcement agencies concerning the record or reputation of either Leroy Clayton or Janie E. Clayton, relative to the illicit liquor business as they were required to under 18 U.S.C.A. § 3617(b). However, a general credit inquiry was made.

4. At the time the petitioner purchased its interest in the Plymouth, Mrs. Janie E. Clayton had a record for violating the Internal Revenue laws with the Alcohol and Tobacco Tax Division in Columbia, South Carolina, and if timely inquiries had been made as to her record or reputation in that regard to its principal office in Columbia, South Carolina, the answer would have revealed that she had a record for violating the Internal Revenue laws concerning distilled spirits. The petitioner satisfied the first two conditions required by section 3617(b) in that it acquired its interest in good faith and that it had no knowledge or reason to believe that the automobile would be used in violation of the laws of the United States or of any state relating to liquor.

5. On January 15, 1965, when petitioner acquired its lien on the subject vehicle and prior to that time, Leroy Clayton had no record or reputation of violating the liquor law with the Alcohol and Tobacco Tax Division of the Internal Revenue Service.

6. On July 27, 1965, on August 3, 1965, and on September 30, 1965, Leroy Clayton used the vehicle in Greenville County, South Carolina in violation of the Internal Revenue laws of the United States by depositing, concealing, and transporting various quantities of illegal liquor with the intent to defraud the United States of taxes. He was arrested on September 30, 1965 by federal agents.

The bank official testified in response to the questions of the District Attorney that he knew the requirements of section 3617(b), and he admitted that the bank, the petitioner, was on notice or should have been on notice. Janie E. Clayton was listed as a co-buyer on the credit report and as a co-mortgagor on the chattel mortgage itself, and knowing the provisions of 3617(b) the bank should have made inquiry of one of the three law enforcement agencies. The official also admitted that he had a credit report run on both Leroy and Janie E. Clayton, and had relied solely on this report which made no reference to the criminal record of Janie E. Clayton. Further, the bank employee admitted that no money was transferred to its agent, Baker Motor Company, of Greenville, South Carolina, until it had received the note and chattel mortgage executed by Leroy Clayton and Janie E. Clayton. Testimony from the government witness revealed that a policy of insurance had been issued by the Old Republic Insurance Company on the vehicle, and that the policy listed Janie E. Clayton as the insured. Introduced into evidence by the government was a receipt from Janie E. Clayton in the amount of $20.00 as payment on the insurance.

CONCLUSIONS OF LAW

 This court has jurisdiction of the parties and subject matter of this action; the libeled automobile is declared forfeited to libelant pursuant to the provisions of 26 U.S.C.A. §§ 7301(e) and 7302.

This court also has jurisdiction to remit or mitigate the forfeiture under the authority contained in 18 U.S.C.A. § 3617 (a).

## II

Petitioner's right to a remission or mitigation of forfeiture is governed by 18 U.S.C.A. § 3617(b) entitled "Conditions precedent to remission or mitigation," which provides:

In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation.

## III

▌ The facts before the court reveal that both Janie E. Clayton and Leroy Clayton signed the chattel mortgage note and the mortgage. The insurance was in the name of Janie Clayton. If the bank, experienced as it is in matters of finance, had made diligent inquiry, it could have determined before the purchase was consummated that the trade-in of the automobile of Janie Clayton was part of the purchase price. It is true that if the bank had made inquiry of law enforcement officials as to the record and reputation of Leroy Clayton that it would not have put them on notice since Leroy Clayton had no previous record or reputation for violations of the Internal Revenue law. In equity and good conscience this court is constrained to hold that claimant bank was negligent in not making inquiry as to the record or reputation of Janie Clayton, who was a co-signer.[1]

## IV

Because the statutory conditions have not been met, in particular subsection (3) of section 3617(b) of Title 18 U.S.C., this court has no authority to mitigate the forfeiture. United States v. One Hudson Coupe, 110 F.2d 300, (4th Cir. 1940); Universal Credit Co. v. United States, 111 F.2d 764 (4th Cir. 1940).

The petition for remission of forfeiture is denied; the United States is entitled to judgment against the 1965 Plymouth and the same is declared forfeited.

The Clerk shall enter appropriate judgment.

And it is so ordered.

---

1. United States v. One 1936 Model Ford V-8 Coach, 93 F.2d 771 (4th Cir. 1938) aff'd per curiam 305 U.S. 564, 59 S.Ct. 99, 83 L.Ed. 355 reaff'd 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 (1939).