**UNITED STATES**

v.

**ONE 1951 CHEVROLET TUDOR AUTO.**

No. 850.

United States District Court,
E. D. Louisiana, New Orleans Division.

May 17, 1954.

George R. Blue, U. S. Atty., Prim B. Smith, Jr., Asst. U. S. Atty., New Orleans, La., for libelant.

Elizabeth Hulen Grayson, Jackson, Miss., for claimant.

WRIGHT, District Judge.

Under 18 U.S.C. § 3617 plaintiff here is seeking remission of forfeiture under the internal revenue laws relating to liquor. The case was submitted on a stipulation outlining the following facts:

On November 14, 1952, Leon Oatis, a resident of Oakvale, Mississippi, Jefferson Davis County, entered into a conditional sale contract with the Stan McKinnon Motor Mart, of Jackson, Mississippi, to purchase one 1951 Chevrolet Tudor Automobile, Motor No. JAD–557538. The purchase price was $2,205, with $615 to be paid in cash and a deferred balance of $1,590 to be paid in fifteen monthly instalments of $106 each commencing on December 20, 1952. This indebtedness was secured by the note of Leon Oatis to Stan McKinnon Motor Mart, dated November 14, 1952, and in the regular course of business the note and conditional sale contract was tendered to Murdock Acceptance Corporation by Stan McKinnon Motor Mart.

Pending acceptance of the tendered assignment Murdock Acceptance Corporation made certain credit investigations in Hinds County, Mississippi, but made no credit investigation in any other place. An inquiry regarding the record and/or reputation of Leon Oatis as a liquor law violator was made of the State office of the Federal Alcohol and Tobacco Unit, Jackson, Hinds County, Mississippi, on or about November 17, 1952. That office replied as follows:

"No record or reputation as a liquor law violator as of November 17, 1952. This office does not keep a complete file of State and local arrests or prosecutions, and has no knowledge of the subject's reputation among State and local officers.
"J. B.,
"Investigator in Charge,
"Alcohol Tax Unit."

This reply is the only form of answer ever given by the Alcohol Tax Unit at Jackson, Mississippi, except in those cases where the investigator reports either a record or a reputation. No investigation as to his record and/or reputation as a liquor law violator was made with any other office or officer.

Oakvale is 50 miles from Jackson, Mississippi, but only 35 miles from Hattiesburg, Forrest County, Mississippi, in which city there is located an Alcohol and Tobacco Tax Unit Field Office. No inquiry was made of that office; however, such inquiry would have been referred to the Alcohol Tax Unit Office in Jackson, Mississippi, and no local investigation would have been instituted by the Field Officer as a result thereof. Therefore, the Murdock Acceptance Corporation made the only inquiry that it could make of a Federal officer in Mississippi regarding the record and/or reputation of Leon Oatis for violation of the Internal Revenue liquor laws. Murdock Acceptance Corporation, its officers and agents, had no knowledge that Leon Oatis was a liquor law violator; and its information there as to was limited to the above-set-out answer of the Alcohol Tax Unit.

At the time the said corporation acquired its interest in the automobile, Leon Oatis had the following record of violations of the liquor laws:

| | | |
|---|---|---|
| April 4, 1943 | ..... | $100.00 fine |
| May 16, 1948 | ..... | $100.00 fine |
| March 12, 1949 | ..... | $250.00 fine |
| March 30, 1950 | ..... | $100.00 fine |

All of these violations are in the records of District 2, Justice of Peace, Jefferson Davis County, Mississippi. Further, at the time the corporation acquired its interest in the automobile Sheriff G. O. Berry, several of his deputies, and the constables of Jefferson Davis County, Mississippi, where Leon Oatis resided, would have stated upon investigation that Leon Oatis is a well-known liquor law violator and that he has had such a reputation for the past ten years.

The automobile was lawfully seized on April 10, 1953 by investigators of the

Alcohol and Tobacco Tax Unit on Highway 58 near Pearl River, Louisiana. At the time of the seizure, Leon Oatis was driving and the car contained twenty one-gallon jugs of tax-unpaid whiskey.

18 U.S.C. § 3617 provides that the court may remit or mitigate the forfeiture under the liquor laws provided the claimant acquired its interest in good faith and without knowledge or reason to believe that the vehicle was being or would be used in the violation of laws of the United States or of any state relating to liquor. It provides, further, that the forfeiture shall not be remitted or mitigated unless it is shown that such claimant, prior to obtaining his interest in the vehicle, was informed in answer to his inquiry, at the headquarters of the chief of police, principal federal internal revenue officer engaged in the enforcement of the liquor laws, or other principal local or federal law enforcement officer of the locality in which such claimant acquired his interest, of the locality in which the purchaser of the vehicle then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of the purchaser, that the purchaser had no record or reputation for violating laws of the United States or of any state relating to liquor.

█ Compliance with the minimum statutory conditions outlined in 18 U.S.C. § 3617 is a condition precedent to remission or mitigation of the forfeiture. Murdock Acceptance Corp. v. United States, 5 Cir., 172 F.2d 552. However, compliance does not of itself require remission or mitigation. Remission or mitigation is addressed to the sound discretion of the court and, where it is shown that there are facts and circumstances in evidence which indicate negligence on the part of the claimant in determining the true character and reputation of the person through whom claimant acquired his interest in the vehicle in question, the court is justified in refusing remission or mitigation even where the minimum statutory conditions are met. United

States v. Automobile Financing, Inc., 5 Cir., 99 F.2d 498, affirmed United States v. One 1936 Model Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. One 1938 Model Chevrolet, 5 Cir., 106 F.2d 985; Beaudry v. United States, 5 Cir., 106 F.2d 987.

█ Claimant here addressed his inquiry concerning the reputation or record of the purchaser of the vehicle to the Federal Alcohol and Tobacco Unit, Jackson, Mississippi. Since the Unit at Jackson covers the entire State of Mississippi, the requirement of inquiry of one of the officers named in the statute at both the place of the transaction and the residence of the purchaser of the car was met. United States v. Federal Credit Co., 5 Cir., 117 F.2d 341. It is, of course, not required that inquiry be made of all enforcement officers named in the statute. United States v. One 1936 Model Ford, 4 Cir., 93 F.2d 771; United States v. One 1935 Dodge Rack-Body Truck, 2 Cir., 88 F.2d 613; Manufacturers Acceptance Corp. v. United States, 6 Cir., 193 F.2d 622.

█ The reply received from the inquiry, however, did not comply with the statutory requirement. The reply required before remission or mitigation can be considered is that the purchaser has no record or reputation for violating laws of the United States or of any state relating to liquor. The reply received by the claimant adequately covered the statutory requirement as to the purchaser's record or reputation for violating laws of the United States. With reference to state liquor law violations, however, the reply not only did not meet the statutory requirement, it specifically put the claimant on notice that the Federal Alcohol and Tobacco Unit at Jackson, Mississippi, had no knowledge of the subject's reputation among state and local officers for the reason that the Unit did not keep a complete file of state and local arrests and prosecutions. Since the reply received by claimant did not meet the minimum statutory requirements of 18 U.S.C. § 3617, this court is without authority to consider remission

268

or mitigation of the forfeiture. Murdock Acceptance Corp. v. United States, supra.

█ Even if it be assumed that the reply to the inquiry complied with the minimum statutory conditions for remission or mitigation, this court, as a matter of sound discretion, would refuse to grant remission or mitigation where it is clear, as here, that the claimant was put on notice that, although the purchaser had no record or reputation as a liquor law violator with the federal enforcement office, he might well have, as in this case he certainly did, a record and reputation as a liquor and law violator with the state and local authorities. Claimant's failure to pursue its investigation on receipt of the reply from the Federal Alcohol and Tobacco Unit shows an indifference on its part which does not commend it to the equitable conscience of this court. United States v. Automobile Financing Inc., supra; United States v. One 1938 Model Chevrolet, supra; Beaudry v. United States, supra.

Decree accordingly.