**MURDOCK ACCEPTANCE CORPORATION, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 15153.

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1955.

claims knowledge of the purchaser's record or reputation for violating state liquor laws. The claimant then bore the burden of making further inquiry.

It is appellant's misfortune that the sufficiency of such an answer from the Alcohol Tax Unit is tested for the first time on its claim, but the granting of relief under this statute is not a matter of equity or discretion until the applicable conditions precedent to such relief have been met. United States v. Dodd, 5 Cir., 205 F.2d 260, 262. The judgment is therefore
Affirmed.

Mrs. Elizabeth Watkins Grayson, Jackson, Miss., A. R. Christovich, Jr. and Alvin R. Christovich, Sr., New Orleans, La., Christovich & Kearney, New Orleans, La., Watkins & Eager, Jackson, Miss., for appellant.

Prim B. Smith, Jr., Asst. U. S. Atty., New Orleans, La., George R. Blue, U. S. Atty., New Orleans, for appellee.

Before HOLMES, RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

After careful consideration, we find ourselves in agreement with the excellent opinion of the district court reported in 121 F.Supp. 265 et seq.

Admittedly the purchaser did have both a record and a reputation for violating laws of the State of Mississippi relating to liquor. That being true, a statutory condition precedent to remission or mitigation of forfeiture was that one or more of the designated authorities, in answering the claimant's inquiry, should have informed claimant that the purchaser had no such record or reputation, 18 U.S.C.A. § 3617(b). The answer from the Alcohol Tax Unit cannot fairly be so construed. Read as a whole, it dis-