## MURDOCK ACCEPTANCE CORP. *v.* UNITED STATES.

No. 56.   Argued February 27, 1956.—Decided March 26, 1956.

*Elizabeth Hulen Grayson* argued the cause for petitioner.   With her on the brief were *T. H. Watkins, W. H. Watkins* and *P. H. Eager.*

*John F. Davis* argued the cause for the United States. On the brief were *Solicitor General Sobeloff, Assistant Attorney General Olney, Beatrice Rosenberg* and *Isabelle Cappello.*

Per Curiam.

The United States filed a libel in the District Court for the Eastern District of Louisiana, under §§ 3116 and 3321 of the Internal Revenue Code of 1939, 53 Stat. 362, 401, for the forfeiture of an automobile which had been used to transport nontax-paid whiskey.   Petitioner, a finance company which had accepted an assignment of a conditional sales contract when the automobile was purchased, sought remission of the forfeiture to the extent

of its interest under 18 U. S. C. § 3617. That section provides that in a forfeiture proceeding the District Court "shall have exclusive jurisdiction to remit" the forfeiture, but that the court "shall not allow" remission unless the finance company (1) acquired its interest in good faith; (2) had no reason to believe that the automobile would be used in violation of the liquor laws; and (3),

> "was informed in answer to [its] inquiry, at the head-quarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality . . . that [the purchaser] had no . . . record or reputation [for violating laws of the United States or of any State relating to liquor]."

It is conceded that petitioner satisfied the first two requirements. As to the third, petitioner made a timely inquiry regarding the purchaser of the automobile to the state office of the Federal Alcohol and Tobacco Unit, from which it received the following reply:

> "No record or reputation as a liquor law violator as of [the date of the inquiry]. This office does not keep a complete file of State and local arrests or prosecutions, and has no knowledge of the subject's reputation among State and local officers."

It is conceded that the inquiry was made to an appropriate office and that, if the substance of the reply satisfied the statute, no further inquiries were required by the statute. The issue is whether the substance of the reply was adequate.

The reply received by petitioner was a form reply designed by the Internal Revenue Service expressly for the purpose of satisfying this statutory requirement. It had for years been accepted as compliance with the statute in administrative remissions and in forfeiture proceedings in

other district courts. Nevertheless, the District Court denied remission on the ground that the reply did not satisfy the statute in that it expressly disclaimed any knowledge of the purchaser's record or reputation for *state* liquor law violations. 121 F. Supp. 265. The Court of Appeals for the Fifth Circuit affirmed, 218 F. 2d 702, with one judge dissenting upon rehearing, 220 F. 2d 279. We think the courts below misconstrued the reply. The first sentence affirmatively stated that the purchaser had no record or reputation in that office as a "liquor law violator," and that statement was not limited to federal violations. The second sentence did not qualify the negative character of the reply but merely made clear that that office's knowledge was not unlimited.

The District Court also based its decision on the alternative ground that, even if the requirements of the statute were technically met, remission would be denied in the discretion of the court. The sole basis for that holding was that petitioner was "put on notice" by the reply that the purchaser might well have a record as a liquor law violator with the state authorities, and its failure to investigate further disclosed "an indifference on its part which does not commend it to the equitable conscience of this court." We need not decide the extent of the District Court's discretionary power to deny remissions, since in any event we think there was no occasion for its exercise here. The very purpose of prescribing in detail in the statute the type of inquiry to be made was to avoid uncertainty over the extent of investigation necessary to protect finance companies against forfeitures. That purpose would be frustrated if a duty to investigate further could be grounded solely upon the alleged inadequacy of a reply clearly satisfying the statutory investigation requirements. In limiting the inquiry duty to any one of several offices, Congress must necessarily have contem-

plated that the records of one office only would be checked. It considered that adequate.

The judgment below is reversed and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Mr. Justice Frankfurter dissents.