**UNITED STATES of America, Libelant,**

v.

**ONE 1956 BUICK 4-DOOR SEDAN,**
Motor No. 4C5014084, Respondent.

**Misc. No. 2196.**

United States District Court
E. D. Virginia, Norfolk Division.

Sept. 13, 1956.

William F. Davis, Asst. U. S. Atty., Norfolk, Va., for libelant.

Bernard Glasser, Norfolk, Va., for respondent.

HOFFMAN, District Judge.

The libel in this action is filed in a cause of forfeiture for breach of the provisions of § 7301(e) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7301 (e), the respondent vehicle having allegedly been used to transport nontax-paid whiskey. There is no contest of the forfeiture phase of the case and the sole question is whether the petitioner, Associates Discount Corporation, a finance company having accepted an assignment of a conditional sales contract when the automobile was purchased by one James Brown, is entitled to remission of the forfeiture to the extent of its interest pursuant to 18 U.S.C.A. § 3617.

The facts of this case present the converse of the situation which existed in Murdock Acceptance Corporation v. United States, 350 U.S. 488, 76 S.Ct. 536, 100 L.Ed. ——, reversing 5 Cir., 220 F.2d 279, 5 Cir., 218 F.2d 702, and United States v. One 1951 Chevrolet Tudor Auto., D.C., 121 F.Supp. 265. In the instant controversy the petitioner, before acquiring its interest in the contract, telephoned the Alcohol and Tobacco Tax Division, Richmond, Virginia, which office is acknowledged to be the appropriate agency for making inquiries as to the record or reputation for violations of liquor laws. The verbal information furnished was identical with what was thereafter confirmed by letter the following day, which letter reads as follows:

"January 24, 1956

"Associates Discount Corporation,
"117 West 21st Street,
"Norfolk 10, Virginia.

"Sir:

James (NMI) Brown
male, negro, 55 yrs. of age
606 E. Freemason St., Norfolk, Va.

"In reply to your inquiry of January 23, 1956, concerning the record or reputation of James (NMI) Brown for violating the laws of the United States or of any State relating to liquor, you are advised, on the basis of available information on file in this office, that a person by the name of James (NMI) Brown answering the description given in your inquiry has a record of conviction for violating the liquor laws.

"The available information on file in this office indicates that a person by the name of James (NMI) Brown answering the description given in your inquiry does have a reputation for violating the liquor laws.

"This office does not keep a complete file of State and local arrests or prosecutions, and has no knowledge of the subject's record or reputation among State and local officers.

"Very truly yours,

"/s/ John H. Wickham
"John H. Wickham
"Supervisor in Charge
"Alcohol and Tobacco Tax Division

"P. S. Although the records of this office do not show that a James (NMI) Brown residing at 606 E. Freemason Street, Norfolk, Va., male, colored, 55 years of age has a record and reputation for the violation of the internal revenue liquor

laws, our files do reflect that we have numerous James (NMI) Browns residing in the Norfolk area, colored, male, approximately the same age, and it is suggested that you check further to ascertain whether the person under inquiry is the same as the persons reflected by our file. There are twenty-two (22) such cases on file in this office."

Having received the verbal information as set forth in the foregoing written communication, petitioner made inquiry at the Retail Merchants Association where no information was forthcoming; at the Dixie Jute Bagging Company, the employer of James Brown, and was advised that Brown was a long-time employee with a good record and with no known or suspected violations of the liquor laws; and at the Lawrence Motor Company, the dealer who negotiated the sale to Brown, which company stated that Brown had purchased a vehicle on one prior occasion, that his payments were good, and that the motor company had no information of any adverse reputation or record relating to liquor law violations. Petitioner thereupon approved the transaction and acquired its interest in the conditional sales contract by proper assignment with the lien shown on the face of the title certificate in accordance with Virginia law.

At the time of the seizure of the vehicle it was being operated by Columbus Brown, the nephew of James Brown, who resided at the same address. Since the rights of James Brown are not pertinent to this issue, it becomes unnecessary to determine whether or not James Brown had knowledge of his nephew's activities.

Brown admitted two convictions for being drunk and one offense of frequenting a house of ill fame. He denies an alleged conviction for possession of illegal whiskey under date of December 3, 1954. A local investigator for the Alcohol and Tobacco Tax Division testified that, upon inquiry at the central files of the Norfolk Police Department, there appeared four cards under the name of James Brown, 606 East Freemason Street, Norfolk, Virginia, showing the violations as aforesaid. The investigator could not testify that the James Brown as revealed in the central files of the local police department was the same James Brown who is the party to the present proceeding. While this alone is probably sufficient to justify the granting of remission under One 1951 Chevrolet Pickup Truck, etc. v. United States, 5 Cir., 212 F.2d 662; United States v. One 1940 Buick 4-Door Sedan, D.C., 92 F.Supp. 13, and United States v. One 1949 Chevrolet Coach, etc., 10 Cir., 200 F.2d 120, it is the opinion of this Court that the reasoning in Murdock Acceptance Corporation v. United States, supra, is controlling.

In Murdock [350 U.S. 488, 76 S.Ct. 537] it is said that the sentence of the letter advising the finance company that the Alcohol and Tobacco Tax Division did not keep a complete file of State and local arrests, etc., "did not qualify the negative character of the reply but merely made clear that that office's knowledge was not unlimited." In the present case the body of the letter advises that James Brown, Negro, age 55, 606 E. Freemason Street, Norfolk, Va., *did* have a record and reputation. Had the letter stopped at this point there would be no question that petitioner's rights would be foreclosed, but it is equally probable that petitioner would not have accepted the assignment. The postscript on the letter unquestionably qualified the affirmative character of the reply and, in essence, advised the finance company of its lack of knowledge of the individual involved. The Murdock decision affirmatively states that the records of only one office need be checked to satisfy the requirements of the statute. That having been done by the petitioner herein, it became unnecessary to check all of the individuals bearing the name of James Brown in the Norfolk *area.* Certainly reasonable caution is all that would be required thereafter in order to satisfy the requirement of the statute to the effect that petitioner had no knowledge or

reason to believe that the vehicle would be used in violation of the laws relating to liquor.

 The Court being of the opinion that the requirements of the statute, 18 U.S.C.A. § 3617, have been met, and that petitioner exercised reasonable precaution after receiving the information subsequently set forth in the communication from the Alcohol and Tobacco Tax Division, the remission of the forfeiture to the extent of petitioner's interest (to be subsequently determined) will be granted, and counsel will prepare an appropriate order in accordance with this opinion.