**UNITED STATES of America,**
**Appellant,**

v.

**ONE 1955 MODEL FORD CONVERTIBLE AUTOMOBILE–Serial No. U5AC-140399, and Wachovia Bank and Trust Company, Claimant, Appellees.**

No. 7277.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 19, 1956.

Decided Jan. 7, 1957.

Julian T. Gaskill, U. S. Atty., Goldsboro, N. C., for appellant.

I. Edward Johnson, Raleigh, N. C. (C. Woodrow Teague and Grady S. Patterson, Jr., Raleigh, N. C., on brief), for appellees.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and CHESNUT, District Judge.

CHESNUT, District Judge.

The appeal in this case requires us to determine the proper application of Section 204 of the Liquor Law Repeal and Enforcement Act of 1935, 49 Stat. 878 (now 18 U.S.C.A. § 3617) to the particular facts of the case. That section provides the conditions on which a District Judge may, in his discretion, remit the forfeiture of an automobile seized and condemned for violation of the Internal Revenue Laws, on the petition of a lien claimant. In the instant case, after it was determined that the automobile was properly condemned, the District Judge remitted the forfeiture in favor of the claimant to the extent of a certain money interest therein. It was ordered that the condemned automobile should be sold but that out of the proceeds of sale there should be paid to the claimant $1,012.50. From this order the United States has appealed. The particular facts are now stated.

On September 23, 1952 the Wachovia Bank & Trust Company, of Raleigh, North Carolina, bought from an automobile dealer a conditional sale contract under which Laurence L. Ollis had bought from the dealer a Ford automobile. By April 23, 1954 Ollis had fully performed the obligations of the conditional sale contract. Before purchasing the Contract the Bank had made inquiry from the proper local federal enforcement agency whether Ollis had any prior record or reputation as a liquor law violator and had been informed then that he had no such record or reputation. On June 18, 1954 Ollis purchased another Ford car, a '54 model, and in due course of business the conditional sale contract that he then made with the automobile dealer was purchased by the Bank, but no further inquiry was made by it at that time. On April 20, 1955 Ollis traded in the '54 model Ford for another Ford car and the conditional sale contract which he then made with the automobile dealer was in turn assigned to the Bank. At that time there was still remaining due to the Bank the sum of $1,012.50 on account of the 1954 transaction. This latter sum was by the Bank added to the amount required to be paid under the third contract, thus making the whole lien claim of the Bank on that last purchased car the sum of $2,904.50. The Bank made no inquiry at that time with respect to the record or reputation of Ollis. While he had no such record or reputation known to the federal authorities in 1952, he had acquired a reputation as a liquor law violator at least six months before April 20, 1955 when he purchased the last mentioned car; and if the Bank had made inquiry at that time it would have been informed as to the existence of his reputation.

The contention of the appellee is that the claimant Bank sufficiently complied with the conditions of the statute when it made the inquiry in 1952 and received the negative information, but it will be noted that the interests of the Bank under the 1952 transaction had terminated before the subsequent transactions in 1954 and 1955, and that it made no further inquiry after 1952 when it successively acquired a lien on the cars involved in the '54 and '55 transactions. In the instant case the claimant is asserting a lien against the car purchased by Ollis in 1955, at which time he had had a liquor law violation reputation known to the local law enforcement officers for at least six months prior to the Bank's asserted lien.

We cannot agree with the claimant's contention that it has complied with the requirements of section 3617(b), which is set out in the margin.[1] Congress has stated the indispensable conditions for granting a whole or partial remission of forfeiture for a claimant asserting a bona fide lien claim against the forfeited automobile. The statute, though in part containing language difficult to precisely and grammatically apply in some situations (as often heretofore noted by the courts), still is crystal clear in at least one respect. Subsection (b) makes it a condition precedent to remission or mitigation of forfeiture by providing that "the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves" compliance with three conditions which, so far as the instant case requires, may be briefly summarized as (1) acquisition of his interest in good faith; (2) absence of knowledge or reason to believe that it (the vehicle) was being or would be used in the violation of laws of the United States or of any State relating to liquor and (3) that he was informed in answer to his inquiry at the headquarters of the local law enforcement officers of the locality in which the claimant acquired his right that the purchaser of the automobile had no record or reputation as a liquor law violator.

On the facts found it is clear enough that the claimant has complied with the first and second conditions, but we think not with the third. The purpose of the latter requirement and the necessity therefor has time and again been judicially stated in decisions of the Supreme Court and of this court. United States v. One 1936 Model Ford V-8

---

1. "§ 3617. Remission or mitigation of forfeitures under liquor laws; possession pending trial—(a) jurisdiction of court

"Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"(b) Conditions precedent to remission or mitigation

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation. * * *."

De Luxe Coach, 1939, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, where the legislative history of the section is exhaustively reviewed in the opinion of Mr. Justice McReynolds; and in the later case of Murdock Acceptance Corp. v. United States, 1956, 350 U.S. 488, 76 S. Ct. 536, 538, 100 L.Ed. 580, it was said in a per curiam opinion "the very purpose of prescribing in detail in the statute the type of inquiry to be made was to avoid uncertainty over the extent of investigation necessary to protect finance companies against forfeitures". Numerous prior opinions of this court have likewise emphasized the necessity of compliance with the third condition of the section. C. I. T. Corp. v. United States, 4 Cir., 1936, 86 F.2d 311; C. I. T. Corp. v. United States, 4 Cir., 1937, 89 F.2d 977; United States v. One 1936 Model Ford V-8 De Luxe Coach, 4 Cir., 1938, 93 F.2d 771; United States v. One Hudson Coupe, 4 Cir., 1940, 110 F.2d 300.

It may be shortly stated that the decisions in all these cases are to the effect that if the claimant has made the prescribed inquiry and received the negative information, the lien will be protected unless other circumstances of the case impute to him knowledge or reasonable suspicion that the purchased automobile was likely to be engaged in violations of the law. But where he has failed to make the proper inquiry the court may not remit the forfeiture for his benefit.

In the present case the claimant's contention is that the District Judge found that the purchaser's bad reputation had not existed before the purchase of the second car in 1954 and as the lien then acquired by the claimant had not been fully satisfied at the time of the purchase of the 1955 car, the claimant should be entitled to have the unsatisfied balance still due from the 1954 transaction transferred to and made a lien on the automobile purchased in 1955. We cannot agree with this contention. The claimant made no inquiry either in 1954 or 1955. The language of the statute is, we think, clearly directed toward the remission of forfeiture of a particular vehicle condemned for violation of the liquor laws. The proceeding in this case was *in rem* against the 1955 automobile and not against the 1954 car. If we can properly consider that the unpaid balance of $1,012.50 was carried over in the transaction between the Bank and Ollis in a way to constitute it a lien on the '55 car as between them, nevertheless under the statute the time when the claimant acquired its lien on the car condemned and as to which remission of forfeiture was sought, occurred in 1955. No inquiry was then made by the claimant and if it had been so made the purchaser's bad reputation would have been learned. And presumably if the Bank had learned of the purchaser's bad reputation as a result of such an inquiry it would have refused to surrender the security that it then held on the 1954 car to enable the purchaser to acquire the 1955 car.

As the language of the statute is directed toward remission of forfeiture of a particular automobile, and in the instant case the claimant was asserting a lien claim on the particular 1955 car and not on the '54 car, the conditions prescribed by the statute with respect to the 1955 car were not complied with by the claimant.

It accordingly results that the order appealed from must be

Reversed.