**UNITED STATES of America, Libelant,**

v.

**ONE 1955 MODEL FORD 2-DOOR COACH, MOTOR NUMBER U5UT133514, Alabama Discount Corporation, Claimant.**

Civ. A. No. 1804.

United States District Court
S. D. Alabama, N. D.
Feb. 28, 1958.

Ralph Kennamer, U. S. Atty., Thomas M. Haas, Asst. U. S. Atty., Mobile, Ala., for libelant.

James L. May, Jr., of McCorvey, Turner, Johnstone, Adams & May, Mobile, Ala., for claimant.

**DANIEL HOLCOMBE THOMAS,** District Judge.

### Findings of Fact

The Court finds that Alabama Discount Corporation, claimant and intervenor in this cause, is an Alabama corporation doing business in Montgomery, Alabama, and has an interest in the 1955 model Ford 2-door coach, Motor No. U5UT133514, the forfeiture of which is sought in this cause. The interest of said claimant was acquired in good faith, and claimant is a good-faith lienor. Such interest of the claimant is the same as set forth in claimant's claim and answer filed to Libel of Information in this cause, and there is an unpaid principal balance of $1,544.45 owed to claimant by Morris White arising out of his purchase of said Ford automobile. At no time did claimant have any knowledge or reason to believe that said automobile was being or would be used in violation of laws of the United States or of any State relating to liquor. The Court further finds that in October, 1955, the claimant had also financed the purchase by Morris White, then and now a resident of Lowndes County, Alabama, of a Chevrolet automobile, and that at the time of the last-mentioned financing, the claimant made an inquiry with both the Sheriff of Lowndes County, Alabama, and with the principal Federal internal revenue officer engaged in the enforcement of the liquor laws of the locality in which claimant acquired its right under the contract, and of the locality in which said Morris White resided, such inquiries being made as to whether said Morris White had any record or reputation for violating laws of the United States or of any state relating to liquor. The Court finds that answers by those officers to such inquiries were negative.

The Court finds that in or about May, 1956, Morris White came to claimant's office in Montgomery, Alabama, requesting that claimant assist Morris White in locating, buying and financing some later model automobile, and that on June 14, 1956, claimant again made an investigation with the aforesaid principal Fed-

eral internal revenue officer at the Federal Alcohol and Tobacco Tax Unit in Birmingham, Alabama, as to any record or reputation of Morris White for violating liquor laws of the United States or of any state. Said principal Federal internal revenue officer advised claimant by replying in writing that as of June 15, 1956, Morris White did not have a record or reputation with that office as a liquor law violator. The Court finds that on at least five occasions thereafter two automobile dealers in Montgomery County, Alabama, contacted claimant to ascertain whether Morris White had sufficient equity in the Chevrolet automobile to enable him to buy a later model automobile, and that on each of those occasions such equity was not deemed sufficient. The Court finds that on January 10, 1957, the said 1955 model Ford 2-door coach was purchased by Morris White in Montgomery County, Alabama, and that the aforesaid interest of claimant therein was acquired. · The Court finds that a credit investigation was made of Morris White at the instance of claimant on or about January 10, 1957, only in Montgomery County, Alabama, where Morris White was working, and that the results of such investigation were negative insofar as any record or reputation for violating liquor laws was concerned. The Court finds that if claimant had made inquiry on January 10, 1957, of said principal Federal internal revenue officer or with the Chief of Police of Montgomery, Alabama, or with the Sheriff of Montgomery County, Alabama, or with the U. S. Marshal whose office was in Montgomery, Alabama, as to any record or reputation of Morris White for violating the laws of the United States or of any State relating to liquor, their respective replies to such inquiries would have been that there was no such record or reputation on the part of Morris White.

The Court further finds that on January 10, 1957, Morris White did have a record and reputation in Lowndes County, Alabama, where he resided, for violating laws pertaining to liquor. Such record or reputation existed prior to June 15, 1956, and was not acquired between the period beginning June 15, 1956 (date of claimant's second inquiry with ATU), and January 10, 1957 (when said Ford was purchased by Morris White and claimant acquired its interest therein.) The Court finds said 1955 Ford automobile was seized in Dallas County, Alabama, within the Southern Judicial District of Alabama, Northern Division, on March 22, 1957, and that at said time and place it had concealed and stored therein five gallons of distilled spirits on which the tax imposed by the laws of the United States had not been paid.

### Conclusions of Law

1. The Court concludes as a matter of law that claimant was not required to make an inquiry of but one of the officers specified in 18 U.S.C. Sec. 3617(b) (3), and after claimant received a negative reply from the Federal Alcohol and Tobacco Tax Unit in Birmingham, Alabama, claimant was protected regardless of the purchaser's record or reputation with or among other officers or at other headquarters, because the Unit had jurisdiction over both the county in which the interest was acquired and in the county of the purchaser's residence. Murdock Acceptance Corp. v. United States, D.C., 121 F.Supp. 265, affirmed 5 Cir., 218 F.2d 702, reversed 1956, 350 U.S. 488, 76 S.Ct. 536, 100 L.Ed. 580.

2. That statute should be construed liberally against forfeiture and in favor of the claimant, as long as a liberal interpretation thereof does not lead to absurd or unjust results. Harris v. United States, 4 Cir., 1954, 215 F.2d 69 (See Annotation 100 L.Ed. 588).

3. Said statute requires that the inquiry must be made before acquisition of claimant's interest, and does not specify how long before such acquisition such inquiry must be made. However, it must be interpreted as requiring such inquiry to be made within a reasonable time depending upon the circumstances in each case.