**UNITED STATES of America,**
**Plaintiff,**

**v.**

**ONE 1957 PONTIAC COUPE, Motor No. P 857H3824, and all of its equipment and accessories, Defendant.**

**Civ. A. No. 17349.**

United States District Court
E. D. Michigan, S. D.
April 11, 1958.

Fred W. Kaess, U. S. Atty., John R. Jones, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Robert R. Ferguson, McGraw, Lynch, McInally & Ferguson, Detroit, Mich., for petitioner.

LEVIN, District Judge.

The United States filed a libel in the United States District Court for the Eastern District of Michigan, pursuant to 26 U.S.C. § 7301 and § 7321, for the forfeiture of One 1957 Pontiac Coupe, Motor No. P 857H3824, and all of its equipment and accessories. Petitioner, Universal C. I. T. Credit Corporation, a finance company, seeks remission to the extent of its interest under 18 U.S.C. § 3617.

One James Howard purchased an automobile under a chattel mortgage contract which was assigned by the mortgagee to petitioner. The automobile was seized by the United States Alcohol and Tobacco Tax Unit while being used by James Howard to transport, remove and conceal distilled spirits upon which no tax had been paid in violation of 26 U.S.C. § 7206(4).

Section 3617 provides that in a forfeiture proceeding the District Court shall have exclusive jurisdiction to remit the forfeiture but that the Court shall not allow remission unless the finance company (1) acquired its interest in good faith; (2) had no reason to believe that the automobile would be used in violation of the liquor laws; and (3)

"was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

There has been no question raised as to petitioner's good faith or that it had any reason to believe that the automobile would be used to violate liquor laws. It is conceded that petitioner made no inquiry as required by Section 3617 of any of the law enforcement officials enumerated in the statute concerning James Howard's record or reputation, and that James Howard was convicted on October 10, 1951 in Recorder's Court for the City of Detroit for a liquor law violation. At the hearing before me, petitioner introduced evidence to the effect that the Detroit Police Department by regulation is prohibited from disclosing criminal records or reputations to others than duly authorized police officials.

The burden is upon a claimant to prove that he made inquiry of any of the enumerated officers listed in Section 3617 and that such inquiry revealed that the subject of the inquiry had no record or reputation for liquor law violations. Failure to make such inquiry is excused only if it be shown that the party who is the subject of the inquiry had no such record or reputation. United States v. Chieftain Pontiac Company, 10 Cir., 218 F.2d 115; One 1951 Chevrolet Pickup Truck, etc. v. United States, 5 Cir., 212 F.2d 662; Manufacturers Acceptance Corp. v. United States, 6 Cir., 193 F.2d 622.

Even if petitioner had made inquiry of the Detroit Police Department prior to obtaining its interest in the seized vehicle and had been informed that the department did not disclose such information to other than duly authorized police officials, such reply would not have satisfied the statutory requirement. It would have been incumbent upon petitioner to have made inquiry of some

other of the enumerated law enforcement officers to secure a reply contemplated by Section 3617. Compare, Murdock Acceptance Corp. v. United States, 350 U.S. 488, 76 S.Ct. 536, 100 L.Ed. 580.

An order is being entered denying remission.