**UNITED STATES of America, Appellant,**

v.

**ONE 1956 MODEL OLDSMOBILE 2-DOOR COUPE, Motor No. V–1465241, Appellee.**

**No. 7728.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 23, 1958.

Decided Nov. 3, 1958.

Lafayette Williams, Asst. U. S. Atty., Greensboro, N. C. (James E. Holshouser, U. S. Atty., North Wilkesboro, N. C., on the brief), for appellant.

Kyle Hayes, North Wilkesboro, N. C. (Wm. L. Osteen, Greensboro, N. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

Upon a libel of information, filed after the conviction of Arlie Joe Minton for violating the liquor laws, the District Court ordered the forfeiture of the automobile used by him in the violation, but the Court remitted the forfeiture to the extent of $2,320.71, the amount of the lien to Highland Motors, Inc. The Government seeks a reversal of the order of remission. While Highland Motors, Inc., maintains that the action of the lower court was correct in its entirety, it argues that, in any event, there should be a remission of at least $1,199.20, the amount due it on October 8, 1956, when Minton traded in an old car, which was the subject of a lien in that amount, and simultaneously made a new loan in connection with purchase of the car which is the subject of the forfeiture.

When the loan was made by Highland Motors on the first car, on August 11, 1955, it made inquiry of the local sheriff as required by Title 18 U.S. C.A. § 3617. That section allows remission of forfeiture if the lien claimant proves that "*before* such claimant acquired his interest" (emphasis supplied) in the vehicle subject to forfeiture, he was informed in answer to his inquiry of a local or federal law-enforcement officer of the locality where the person the lienholder dealt with resided, that such person had no record or reputation for violating laws of the United States or of any state relating to liquor. Minton had in fact been convicted of a liquor violation and the records of the enforcement agency showed this, but through inadvertence on the part of someone in the office of the agency, Highland Motors, Inc., was told in response to its inquiry that Minton had no such record or reputation.

When the loan was made on the second car, the subject of this proceeding, on October 8, 1956, no inquiry was made. Highland Motors, Inc., contended, and

the District Court agreed, that the statutory requirement for inquiry "before such claimant acquired his interest" was satisfied by the inquiry when the first loan was made some fourteen months earlier. With this we cannot agree. A reasonable interpretation of the word "before," we think, requires that the inquiry shall be made immediately or shortly before the particular transaction, or at least in contemplation of it. An inquiry made fourteen months earlier in respect to a loan on another car cannot qualify to protect the lender's lien in case of forfeiture of the vehicle for its illegal use.

With respect to the contention that at least the balance still due on the first loan on October 8, 1956, should be remitted, we are of the opinion that the question is no longer open, and that the contention is foreclosed by United States of America v. One 1955 Model Ford Convertible Automobile, 4 Cir., 1957, 241 F. 2d 86.

Reversed.