**UNITED STATES of America,**
**Appellant,**

v.

**ONE 1955 MODEL FORD 2-DOOR COACH, Motor No. U5UT133514, and Alabama Discount Corporation, Intervenor-Claimant, Appellees.**

**No. 17223.**

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1958.

Ralph Kennamer, U. S. Atty., Mobile, Ala., Thomas M. Haas, Asst. U. S. Atty., Mobile, Ala., for appellant.

James J. May, Jr., McCorvey, Turner, Johnstone, Adams & May, Charles B. Bailey, Jr., Mobile, Ala., for appellees.

Before RIVES, BROWN and WISDOM, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

The question here—on facts strikingly simple, neither complex nor conflicting, and in the most part stipulated—is whether a prior inquiry respecting the prospective purchase of a prior automobile satisfied the statutory condition, 18 U.S.C.A. § 3617(b)(3) for judicial remission of the penalty of forfeiture, 26 U.S.C.A. §§ 7301, 7302, flowing from prohibited use of another vehicle subsequently purchased.

The Court below remitted the forfeiture to Alabama Discount Corporation, the Claimant, and the Government appeals.

Claimant, a lender as well as an automobile dealer, sold a car in 1955 to White under an installment sales contract. During the first half of 1956, White informally negotiated with Claimant on the possible trade and purchase of another car. During the same period, similar informal negotiations with several other dealers led them to make inquiry of Claimant concerning the possible repayment or refinancing of the outstanding indebtedness and installment sales contract. On June 14, 1956, Claimant made formal written inquiry of the Alcohol Tax Unit office at Birmingham, Alabama. This office, it is agreed, had jurisdiction over the locality of the sale (Montgomery, Alabama) as well as the locality of the purchaser's residence (Lowndes County). To this inquiry the A.T.U. replied that White had "No record or reputation with this office as a liquor violator as of June 15, 1956."

No inquiry was made of the peace officers in Lowndes County and had it been, so the parties stipulated, it would have disclosed that White had both a criminal record and a reputation as a violator of liquor laws in that County. But that is of little moment,

for if otherwise timely and sufficient, a single inquiry at the Federal office having jurisdiction over all of the requisite localities specified in section 3761(b)(3) was all that was required. Murdock Acceptance Corp. v. United States, 1956, 350 U.S. 488, 76 S.Ct. 536, 100 L.Ed. 580, reversing 5 Cir., 1955, 218 F.2d 702, rehearing denied 220 F.2d 279 (with dissenting opinion), and, *sub nom.* United States v. One 1951 Chevrolet Tudor Automobile, D.C.E.D.La., 1955, 121 F.Supp. 265.

However, no trade or sale was then made. It was not until seven months later, on January 10, 1957, that Claimant sold an entirely different automobile to White—the 1955 Ford involved in this libel. At that time no inquiry was made of any of the prescribed public officials. By stipulation it was, however, agreed that a repeat inquiry at the Birmingham A.T.U. would have been negative while one at Lowndes County would have been adverse. The latter, however, would have been based on his pre-June 1956 activities so that the case was hardly the parallel of the United States v. One 1955 Model Ford Convertible Automobile, 4 Cir., 1957, 241 F.2d 86, where the record or reputation was created by conduct subsequent to the inquiry three years before.

■■ Of course, we must test this by the terms of the statute. Without it Courts are powerless to mitigate against forfeiture no matter how harsh. United States v. One 1941 Buick Sport Coupe

Automobile, D.C.D.Neb., 1946, 68 F. Supp. 570, 572. So too, where the words of the statute, sensibly construed, cover the situation, Courts cannot apply some other standard or policy. "The granting of relief under this statute is not a matter of equity and since it is not the court has no power to relax the express provisions of the statute." United States v. Dodd, 5 Cir., 1953, 205 F.2d 260, 262; United States v. One 1950 Lincoln Sedan, 5 Cir., 1952, 196 F.2d 639.

If the statute is grammatically reconstructed to eliminate the cumbersome awkwardness which has been the genesis of so much of the difficulty in its application, it is clear that the Claimant did not meet its conditions. For the purposes of this case Section 3617(b) could be paraphrased[1] as follows. The Court shall remit the penalty of forfeiture if a Claimant having an interest in the vehicle which arises out of or is in any way subject to a contract or agreement under which another person has a right respecting the vehicle, is informed, after inquiry at the office of the principal Federal Internal Revenue officer engaged in the enforcement of the liquor laws for the locality in which such other person acquired his right and resided, that such person has no record or reputation for violating laws of the United States or of any State relating to liquor.

■ The subject of the statute is, of course, the seized vehicle. It is only with respect to that vehicle that Congress has authorized the Courts to allow

---

[1] This reverses the form of the statute which reads:

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves

&ast; &ast; &ast; &ast; &ast;

"(3) If it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to *such vehicle* or aircraft, that, before such claimant acquired his interest, &ast; &ast; &ast; the claimant, his officer

or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation." 18 U.S.C.A. § 3617(b) (3). (Emphasis supplied.)

remission. However, in this case we need not determine whether this is necessarily to be tested by the conduct of the Claimant with respect to that very same vehicle, or with respect to the immediate transaction, by which that vehicle, rather than some other one being simultaneously considered in the negotiation, is selected.

 But it is certain that the particular vehicle or immediate transaction is important, however, insofar as it related to the *time* at which the claimant receives that information. Under the statute, that must be *"before* such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later." The District Court construed that provision as follows [160 F.Supp. 49]:

> "Said statute requires that the inquiry must be made before acquisition of claimant's interest, and does not specify how long before such acquisition such inquiry must be made. However, it must be interpreted as requiring such inquiry to be made within a reasonable time depending upon the circumstances in each case."

The inquiry must be made substantially at the time that an inquiry would normally be made in contemplation of acquisition of the particular and specific interest which the claimant asks the court to protect, and certainly

> " * * * in such reasonably close proximity of time before such acquisition that in the very nature of things a person could not get a record or reputation for violating liquor laws in the interim between inquiry and the acquisition of its interest."

United States v. One 1949 Mercury Tudor Sedan Automobile, D.C.W.D.S.C., 1949, 87 F.Supp. 96, 98–99.

 In that view, the period of nearly seven months elapsing between June 15, 1956, and January 10, 1957, is an unreasonably long time as a matter of law. The District Court's implied finding that it was reasonable is "clearly erroneous." Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.A.

To allow the Claimant here to prevail would amount to judicial legislation that persons in the business of selling or financing automobiles could maintain a sort of advance index of parties most likely to be interested in automobiles whose liquor violation records and reputations are statutorily pure.

Reversed.