**UNITED STATES of America**

v.

**ONE 1958 FORD FAIRLANE COACH,**
Serial No. G8AV–147155, General Finance Corporation, Intervenor.

Civ. A. No. 3737.

United States District Court
E. D. Tennessee, S. D.

April 26, 1962.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

Horace L. Smith, Jr., Chattanooga, Tenn., for intervenor.

WILSON, District Judge.

This is a libel for forfeiture of an automobile for alleged violation of Internal Revenue Laws of the United States relating to liquor. The use of the automobile by the owner, Henry Edward Robinson, in violation of the Internal Revenue Laws of the United States is not in dispute, but rather is admitted by the intervenor, a finance company claiming an interest in the automobile. It appears that the automobile was seized near an illicit distillery during the course of a raid upon May 4, 1961 and that at the time the automobile contained a quantity of sugar and yeast for use at the illicit distillery. The sole issue in the case is as to whether the intervenor, General Finance Corporation, as the lien holder upon the subject automobile, conducted an adequate bootleg hazard investigation so as to be entitled to a remission of the forfeiture to the extent of its interest.

The automobile was seized and its forfeiture is sought under provisions of 26 U.S.C.A. § 7301 et seq. The intervenor seeks remission of the forfeiture to the extent of its interest in accordance with 18 U.S.C.A. § 3617. That section provides that the District Court shall not allow remission unless the finance company (1) acquired its interest in good faith, (2) had no reason to believe the automobile would be used in violation of the liquor laws and (3)

"  *   *   * was informed in answer to [its] inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law enforcement officer of the locality  *  * that [the purchaser] had no  *  *  * record or reputation [for violating laws of the United States or of any state relating to liquor]."

There is no dispute in the record but that the intervenor satisfied the first two requirements set forth above. In this respect it appears undisputed in the record that General Finance Corporation purchased the contract upon this automobile upon February 15, 1960 in good faith, after having a favorable report from the dealer, and after obtaining a favorable report from the Retail Credit Company with regard to Mr. Robinson.

As indicated above, the sole issue remaining for determination by the Court is whether the finance company in making the bootleg hazard investigation sufficiently complied with subsection (b) (3) of section 3617 so as to be entitled to a remission of the forfeiture to the extent of its interest. The testimony shows that the finance company did make telephone inquiry at the office of the sheriff in Marion County, Tennessee, the county of Mr. Robinson's residence, with regard to his reputation in the matter of dealing in illicit whiskey. Although the identity of the officer talked with was not verified, the officer indicated that he did not know Henry Edward Robinson and therefore did not know what his reputation was with reference to illicit whiskey. In rebuttal to this testimony the Government placed the sheriff upon the witness stand and he testified that he did not recall the telephone conversation and that he did not believe that he had personally so advised the finance company, as he had been personally acquainted with Henry Robinson for a period of many years. He stated however that he had six deputies in his office and that the conversation may have been with one of them. He stated further that until the arrest of Robinson upon September 25, 1960 upon a whiskey charge and his subsequent arrest upon May 4, 1961 upon a like charge, he had no knowledge of any such activity by Robinson and that therefore had he been consulted in February of 1960, the date of the credit inquiry, he would have given Mr. Robinson a good reputation.

The Government further introduced testimony by one of the A.T.U. agents that had he been consulted in February of 1960 by the finance company, he would have advised them that Robinson's reputation with respect to dealing in whiskey was not good, as his office had such information at that time from sources which they believed to be reliable, although Robinson did not have a previous arrest record in this respect and was not arrested with regard to such activity until September 25, 1960 and again on May 4, 1961.

■ The requirements of the statute of investigation of the bootleg hazard by a good faith lienor as a condition precedent to remission should be liberally construed in favor of the claimant, the statute being a remedial measure enacted for the purpose of preventing drastic forfeiture "where reasonable inquiry is made". See United States v. One 1936 Model Ford (D.C., S.C.) 19 F.Supp. 470, affirmed (C.A. 4) 93 F.2d 771, affirmed 305 U.S. 564, 59 S.Ct. 99, 83 L.Ed. 355, affirmed on rehearing 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249.

■ So construed, it is believed that 18 U.S.C.A. § 3617(b) (3) does not require that inquiry be made at all of the named law enforcement agencies, but rather that good faith inquiry at one or more of the named offices is all that is required to entitle a lienor to the protection of its interests. See Murdock Acceptance Corp. v. United States, 350 U.S. 488, 76 S.Ct. 536, 100 L.Ed. 580.

Moreover, under the circumstances of this case, as shown by the testimony of the Sheriff of Marion County, Tennessee, upon cross-examination that had he been consulted at the time of the credit inquiry he would have given Mr. Robinson a good reputation. Even though an inquiry had not been made, if such inquiry would have resulted in a reply that the person inquired about had no adverse record or reputation, this would have been sufficient to excuse the intervenor from compliance with the inquiry requirements of subparagraph (3).

See annotation: "Remission of Forfeiture—Inquiry," 100 L.Ed. 584 at 586.

■ It is the opinion of the Court that the proof in this case establishes that the intervenor made all such reasonable inquiry as to entitle it to a remission under sec. 3617. Any other interpretation of the law would, in the opinion of the Court, place an undue burden upon the good faith financing of automobiles and would be an unduly harsh interpretation of the forfeiture statutes.

The General Finance Corporation will therefore be entitled to a remission of the forfeiture in the subject automobile to the extent of its interest therein. Forfeiture will be ordered as to any remaining interest in the said automobile. This opinion will constitute the court's findings of fact and conclusions of law. An order will enter accordingly.