UNITED STATES of America,
Libelant-Appellant,

v.

ONE 1957 FORD, FAIRLANE 500, Motor-Serial No. C7FT–132190, Respondent-Appellee.

No. 14735.

United States Court of Appeals
Sixth Circuit.

June 22, 1962.

Arnold Morelli, Asst. U. S. Atty., Cincinnati, Ohio (Joseph P. Kinneary, U. S. Atty., Cincinnati, Ohio, on the brief), for libelant-appellant.

James Q. Doran, Cincinnati, Ohio (Cohen, Baron, Druffel & Hogan, Cincinnati, Ohio, on the brief), for respondent-appellee.

Before CECIL and WEICK, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

The United States of America, as libelant and appellant herein, brought a libel action in the United States District Court for the Western Division of the Southern District of Ohio, against One 1957 Ford, Fairlane 500, automobile, Motor-Serial No. C7FT–132190. This action was brought in pursuance of Section 7203, Title 26, which provides, in part, that no property rights shall exist in any property used in violating the Internal Revenue Laws of the United States.

The automobile was owned by one Charles Butler and on June 19, 1959, it was seized by federal law officers and found to contain five and one-half (5½) gallons of whiskey, in eleven one-half gallon unstamped jars.

On August 10, 1959, the First National Bank of Cincinnati, appellee herein, hereinafter called the claimant, sought to have the vehicle remitted under the provisions of Section 3617, Title 18. Subdivision (b) of this section provides that the court shall not allow the claim of any claimant for remission unless and until he proves (1) that he has an interest in such vehicle, which he acquired in good faith, (2) that he had no knowledge or reason to believe that it was being or would be used in violation of the liquor laws of the United States or of any state, and (3) that if the claimant's right arises out of contract with another person having a record or

reputation for violating liquor laws, then the claimant must establish that he had been informed after inquiry of a law enforcement officer, that is, one of those named in the statute, that the person had no such record or reputation.

Pertinent facts, as found by the trial judge, are: that at the time of the seizure, Charles Butler was the owner of the automobile in question; that the claimant held a note of Butler, given in part payment of the vehicle, and that the note was secured by a chattel mortgage on the automobile. He further found that before the claimant acquired its interest in the note and mortgage, it caused an investigation of the credit, reputation and record of Butler to be made by the Cincinnati Credit Bureau, a corporation, whose situs is in the city of Cincinnati; that this bureau maintains files dating back some fifty years pertaining to the credit and general reputation of various persons living in the greater Cincinnati area; that the files of this bureau revealed no record of any criminal activity on the part of Butler from 1952, the date the files were first opened on him, and that this was reported to the claimant.

The trial court further found that the records of the Cincinnati Police Department revealed that Butler had been arrested on several occasions for minor offenses not involving liquor; that on February 23, 1933, he was convicted in the Municipal Court of Cincinnati for possessing liquor and was fined one hundred dollars ($100); that on September 29, 1950, Butler was convicted in the Municipal Court of Cincinnati for violating Section 6064–54 Ohio General Code (possessing and selling liquor without a permit), and fined one hundred dollars ($100); that these convictions did not involve the transportation by automobile or sale of untaxed liquor; and that the records of other law officers specified in Section 3617(b), Title 18, revealed no record of any liquor law violations.

The trial judge found as a matter of law that the claimant was entitled to remission of the forfeiture. He specifically found "4. * * * a rigid investigation is not required where there is no reason to suspect that a person is a bootleg hazard.

"5. The First National Bank of Cincinnati made a reasonable inquiry of the Cincinnati Credit Bureau which revealed no criminal record nor reputation or reason for it to suspect or believe that Charles Butler had any prior record for liquor violations.

"6. The First National Bank of Cincinnati acted in good faith in making a reasonable inquiry and on the basis of said inquiry, there being no reason for it to believe or suspect that the motor vehicle would be used in violation of the liquor laws of the United States."

It is the contention of the government that reasonable inquiry and good faith are not enough. It claims that the statute must be interpreted literally and that a claimant who fails to make inquiry of one of the law officers specified does so at his peril.

The claimant has proven compliance with the first two requirements of the statute, but it is obvious that if the government's contentions are correct it has failed to prove the third one.

The statute is clear and unambiguous. Its requirement for a specific type of inquiry is so clear that there is no need to resort to a study of congressional intent. There can be no substitute for an inquiry to one of the law enforcement agencies specified in the statute. These agencies are "the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, * * *."

This view is supported and controlled by the following authorities: United States v. One 1957 Ford Ranchero Pickup Truck, 265 F.2d 21, C.A.10; United States v. One 1955 Model Ford, 261 F.2d 125, C.A.5; Universal Credit Co. v. United States, 111 F.2d 764, C.A.4; United States v. One 1951 Chevrolet, 116 F.Supp. 830, D.C.E.D.Mich.; United States v. One 1950 Ford, 95 F.Supp. 78, D.C.E.D.Tenn.; Cf. Manufacturers Ac-

ceptance Corp. v. United States, 193 F. 2d 622, C.A.6.

The judgment is reversed and the case remanded to the District Court with instructions to enter judgment for the libelant.