**UNITED STATES of America**

**v.**

**ONE 1972 FORD PICKUP TRUCK IDENTIFICATION NO. F10GLP65847.**

**Civ. A. No. 8324.**

United States District Court, E. D. Tennessee, N. D.

. Nov. 13, 1973.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

Leon Steinberg, Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The sole question in this case is whether the Bank of Knoxville, holding a lien interest in the 1972 Ford pickup truck, Identification No. F10GLP65847, is entitled to remission or mitigation of forfeiture of said vehicle. The facts were stipulated as follows:

"1. That on May 17, 1972, Special Agents of the Bureau of Alcohol, Tobacco and Firearms, Treasury Department, did seize on land in Monroe County, Tennessee, within the Eastern District of Tennessee, Northern Division, as forfeited to the United States, certain property to wit: one 1972 Ford Pickup Truck, Identification No.

F10GLP65847, its equipment and accessories, which vehicle was used in violation of the Internal Revenue Laws of the United States as alleged in Paragraph Six of the Complaint.

"2. Ever since said seizure, said property has remained in the Eastern District of Tennessee in the custody of the Bureau of Alcohol, Tobacco and Firearms, Treasury Department, and is now in storage at Cecil Capps Garage, Route 11, Texas Valley Road, Knoxville, Tennessee.

"3. That said vehicle is registered in the State of Tennessee for the year 1973 in the name of Jimmy G. Gammon, Route 2, Madisonville, Tennessee, and the Bank of Knoxville, 625 Market Street, Knoxville, Tennessee holds a lien thereon.

"4. That at the time of said seizure said vehicle was appraised at $2,650.00.

"5. That a Complaint for forfeiture for breach of the provisions of Title 26, U.S.C., Sections 7301 and 7302, along with a warrant of arrest, and a legal notice to all persons claiming any interest in said motor vehicle to make known such claim within thirty days to this Honorable Court were filed on July 2, 1973.

"6. That the Bank of Knoxville filed an Intervening Petition on July 13, 1973, claiming a lien interest in said property as evidenced by a copy of a retail installment contract and a certificate of title, with a balance due and owing at that time of $3,105.48 and praying for possession of said vehicle.

"7. That the Bank of Knoxville filed an Amended Intervening Petition on July 18, 1973, alleging that it had made an extensive credit investigation upon Jimmy G. Gammon and it had found no record of reputation for his violating the liquor laws of the United States; and further alleging that no inquiry was made of the Sheriff of Knox County, Tennessee, or of the Chief of Police for the city of Knoxville, Tennessee, or of the Alcohol, Tobacco and Firearms Office in Knoxville, Tennessee, but if inquiry had been made, no record or reputation as aforementioned would have been found.

"8. That the Bureau of Alcohol, Tobacco and Firearms, Treasury Department, has confirmed that no record or reputation as aforementioned would have been found as indicated had inquiry been made as noted when the Bank of Knoxville acquired its present interest in said property.

"9. That no other claim has been filed as required by law within the time allowed for such filing.

"10. That the Bank of Knoxville will pay the difference between its present net lien in the amount of $2,250.27 and the appraised value of said property $2,650.00 or a net amount of $399.73 to the United States of America; further that the Bank of Knoxville will pay the storage charges in the amount of $68.33, the Court costs in the amount of $35.00, and the U. S. Marshal's fees in the amount of $47.84 which includes serving charges, mileage and publication fees, or a net amount of $151.17.

"11. That the Bank of Knoxville will hold the United States of America, its agents and employees, harmless from any subsequent claims."

 It is to be noted from the stipulation that the petitioner, Bank of Knoxville, did not make inquiry at the headquarters of the sheriff, chief of police, or principal federal internal revenue officer engaged in the enforcement of the liquor laws or other principal local or federal law-enforcement officer of the locality in which the petitioner secured its right that Jimmy G. Gammon, the purchaser of the vehicle, had no record or reputation of engaging in the illegal whiskey business, as required by

Title 18 U.S.C. § 3617.[1] If inquiry had been made, no record or reputation of Gammon would have been found. Petitioner made an extensive investigation of Gammon, however, and found that he had no record or reputation for violating the liquor laws. Failure upon the part of petitioner to make inquiry in accordance with subsection (b)(1), (b)(2) and (b)(3) of the aforesaid statute does not preclude remission or mitigation to the petitioner. Murdock Acceptance Corporation v. United States, 350 U.S. 488, 76 S.Ct. 536, 100 L.Ed. 580 (1956). Although failure to make the necessary inquiry does not bar the right of petitioner to remission, it assumed the risk of any record or reputation which the inquiry would have disclosed. Manufacturers Acceptance Corporation v. United States, 193 F.2d 622 (C.A. 6, 1951). The burden was upon the Government to show that Gammon had a record or reputation as a liquor violator at the time petitioner secured a security interest in the vehicle. United States v. One 1961 Oldsmobile, 250 F.Supp. 969 (D.C.S.C. 1966). See United States v. One 1969 Chevrolet Pickup Truck, 321 F.Supp. 916 (W.D.Tenn.1971). See also, unpublished memorandum of this Court in the case of United States v. One 1972 Ford Pickup Truck, Identification No. F10GLP04052, with attached Lambertville Camper, Civil Action No. 8239.

We conclude that petitioner, Bank of Knoxville, is entitled to remission as it acted in good faith in making the loan to Gammon and was without knowledge or information that Gammon was an illegal whiskey violator and if inquiry had been made of the officers named in the applicable statute, such inquiry would not have revealed information that Gammon was engaged in the illegal whiskey business.

Accordingly, petitioner, Bank of Knoxville, is entitled to a remission of forfeiture to the extent of the debt secured by the lien on the truck described in the intervening petition.

Attorneys will present order in conformity with this memorandum.

1. "In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."